E. D. DYAR, as Assignee, etc., *vs.* TENNIS S. SLINGERLAND.

## November 5, 1877.

Interest on Interest Due Held Illegal.—Upon a contract to pay money, with interest payable at stated times, interest on such stipulated interest after it falls due is not allowed. *Mason* v. *Callender*, 2 Minn. 302, (350,) followed.

The plaintiff sought in this action to restrain the defendant from selling certain mortgaged premises under a power of sale, for a sum alleged to be due upon the note and mortgage.

The defendant answered that the alleged sum was due by computing the interest according to the terms of said note, and interest at seven per cent. per annum on the interest due and unpaid after the same became due and payable. The action was brought in the district court for Olmsted county, and by stipulation of the parties was submitted to the court upon the pleadings. The court, *Mitchell,* J., presiding, adjudged the amount due upon the note and mortgage not to include interest upon the said interest due and unpaid, and ordered that judgment be entered in accordance therewith. From this judgment defendant appealed.

*Jones & Gove,* for appellant.

*Start & Gove,* for respondent.

GILFILLAN, C. J. The only question in the case is this: Is interest to be allowed on the interest stipulated in a contract after default in the payment of such stipulated interest?

Although the weight of authorities is decidedly against allowing interest upon interest, yet if the question might be considered open in this state, we could see no satisfactory reason, based either on principle or public policy, why it

might not be allowed. But this court decided in *Mason* v. *Callender*, 2 Minn. 302, (350,) that interest on interest cannot be allowed. After referring to and approving of the decision of Chancellor Kent, in the case of the *State* v. *Jackson*, 1 John. Ch. 13, in which he, upon a review of all the authorities to that time, disallowed such interest, and affirmed that a prior agreement to pay interest on interest to become due would be void, but that an agreement made after interest became due, that it should bear interest, might be sustained, this court said: "There is no limit to the authorities on this point. The principle established is, that a contract to pay interest on interest, which is not due, is inequitable and will not be enforced; while, on the other hand, if the interest is due, it may be added to the principal, and a contract to pay interest on such new principal will be enforced." The case of *Mason* v. *Callender* was an action upon a note which, by its terms, was to bear interest till due, at the rate of three per cent. per month, and after due, interest on the principal and interest at the rate of fiv̞e per cent. per month. The court below allowed the increased rate of interest after maturity on both principal and interest. The questions before this court were not only what rate should be allowed after maturity, but whether that rate should be allowed on interest as well as on principal, and both were decided. Although the rule as to the rate was, in *Talcott* v. *Marston*, 3 Minn. 238, (339,) varied, the decision of the former case upon all other points was in the latter case affirmed. Id. 243, (344.) The rule thus laid down and approved has not since been questioned in this state, and it may be regarded here as the rule; certainly where, as in this case, the creditor has made no demand for the interest. Whether a demand would justify the allowance of interest on the interest demanded we do not decide.

Judgment affirmed.