WILLIAM E. LEE and Others v. ANNA CHRISTINA MELBY and Others.[1]

July 15, 1904.

Nos. 13,918—(76).

**Interest on Interest.**

Following various early decisions, a contract included in a single instrument to pay interest upon interest is inequitable, and will not be enforced. The recovery of interest upon overdue interest coupon notes, such coupons being separate instruments, is an illogical exception to the rule.

**Statute Construed.**

The following provision, contained in chapter 15, p. 52, Laws 1877: "In the computation of interest upon any bond, note, or other instrument or agreement, interest shall not be compounded. But any contract to pay interest not usurious upon interest overdue, shall not be construed to be usury"—construed.

**Interest on Note.**

Held, that a note bearing date December 12, 1888, and bearing interest at the rate of eight per cent. per annum, in which the maker agreed to pay interest upon such interest after it matured, draws interest at the rate of eight per cent. per annum from date upon the principal sum only.

Appeal by plaintiffs from a judgment of the district court for Douglas county entered pursuant to the findings and order of Baxter, J. Affirmed.

*Stewart & Brower,* for appellants.

*Gunderson & Thompson, B. J. Johnson, C. L. Hilton,* and *O. A. Felt,* for respondents.

DOUGLAS, J.

Action by plaintiffs to foreclose a real estate mortgage. The notes secured thereby specifically provide that interest remaining unpaid when due shall thereafter bear interest at a like rate. The trial court held that simple interest only should be recovered, and ordered judgment accordingly. Plaintiffs appeal.

The record presents a single question: Is interest upon interest collectible upon such a note bearing date December 12, 1888? The

[1] Reported in 100 N. W. 379.

statutes upon the subject of interest and regulating the payment of the same, in force in Minnesota since it became a territory, are as follows:

Section 1. Any rate of interest agreed upon by parties in contract specifying the same in writing shall be legal and valid.

Sec. 2. When no rate of interest is agreed upon or specified in a note or other contract, seven per centum per annum shall be the legal rate. P. S. 1849–1858, c. 30.

Interest for any legal indebtedness shall be at the rate of seven dollars upon one hundred dollars for a year, unless a different rate is contracted for in writing, and all contracts shall bear the same rate of interest after they become due as before, if it clearly appears therefrom that such was the intention of the parties, but no contract for a greater rate of interest than twelve dollars upon one hundred dollars for a year shall be valid for the excess of interest over twelve per cent. G. S. 1866, c. 23, § 1.

In 1877 (Laws 1877, p. 52, c. 15) the legislature adopted a drastic usury law, providing for the forfeiture of principal and interest as a penalty for a violation thereof. Section 1 thereof reads:

No person, company, or corporation shall, directly or indirectly, take or receive in money, goods or things in action, or in any other way, any greater sum, or any greater value, for the loan or forbearance of money, goods or things in action, than twelve dollars on one hundred dollars for one year; *and in the computation of interest upon any bond, note, or other instrument or agreement, interest shall not be compounded. But any contract to pay interest not usurious upon interest overdue shall not be construed to be usury.*

Aside from changing the rate of interest and slightly modifying the language of said section in immaterial parts, the statute has since remained unchanged. The material modification in 1877 of prior enactments, as applied to the controversy presented, is above italicized. The act as re-enacted is now known as section 2212, G. S. 1894.

In Mason v. Callender, 2 Minn. 302 (350), the court had under consideration the application of the act of 1849 upon a note drawing inter-

est at three per cent. a month, which provided that after maturity interest should be estimated upon the principal at the rate of five per cent. per month until paid. The court held that the clause providing for the payment of five per cent. per month after maturity was not a stipulation to pay interest, but an attempt to liquidate damages, and that the obligation drew interest after maturity at the rate of seven per cent. per annum. In so holding the following language is used: "The principle established is that a contract to pay interest on interest which is not yet due is inequitable and will not be enforced, while, on the other hand, if the interest is due it may be added to the principal, and a contract to pay interest on such new principal will be enforced." This doctrine was approved and explained in Talcott v. Marston, 3 Minn. 238 (339); Culbertson v. Lennon, 4 Minn. 26 (51); Martin v. Lennon, 19 Minn. 45 (67).

In Newell v. Houlton, 22 Minn. 19, the enactment of 1866 applied and was under review. The court held that interest was recoverable as such after the note became due at the same rate as before, but that an increased rate was illegal. In Welsh v. First Division St. P. & P. R. Co., 25 Minn. 314, it was held that interest was recoverable upon overdue coupon notes after their maturity. This has always been treated as an illogical exception to the rule prohibiting the making of an agreement in a single instrument obligating the promisor to pay interest after due upon interest then unmatured.

In 1877, in Dyar v. Slingerland, 24 Minn. 267, the court again adhered to the rule established in Mason v. Callender, supra; GILFILLAN, C. J., speaking for the court, said: "Although the weight of authorities is decidedly against allowing interest upon interest, yet if the question might be considered open in this state, we could see no satisfactory reason, based either on principle or public policy, why it might not be allowed. But this court decided in Mason v. Callender, that interest on interest cannot be allowed."

It is clear from an examination of the authorities, and upon the argument was expressly admitted by counsel for appellants, that, unless the act of 1877 authorizes it, the recovery of interest upon interest after the latter is due is prohibited, except when the obligation is expressed in an independent instrument. Our inquiry, therefore, involves simply a construction of this clause, which reads:

> And in the computation of interest upon any bond, note, or other instrument or agreement, interest shall not be compounded. But any contract to pay interest not usurious upon interest overdue shall not be construed to be usury.

We are of the opinion the first portion of the clause must be deemed a legislative declaration of the law as it then existed. Compound interest was therein referred to in the sense in which it was defined in Mason v. Callender, supra. However, inasmuch as the chief purpose of the act was to provide for a forfeiture of the principal sum named in the obligation in every case in which a usurious rate of interest was charged, we think the legislature, in adopting the last sentence, intended to safeguard the interest of parties who, perhaps through inadvertence, might exact or attempt to exact compound interest. The legislature did not declare such a contract valid, but barely provided that it should not be deemed usurious.

In the cases cited the rule established that an agreement made in a single instrument, in so far as it obligated the promisor to pay interest upon unmatured interest, was placed upon the ground that such agreements were against sound public policy. We adhere to this reasoning, and, reading the enactment quoted as a whole, we are of the opinion that the promissory notes under consideration drew interest at eight per cent. per annum from date, and that the excessive interest claimed must be disallowed.

It follows that the judgment of the trial court is affirmed.

Judgment affirmed.