1822.

VAN BEN-
SCHOOTEN
v.
LAWSON.

## M. & J. VAN BENSCHOOTEN *against* LAWSON.

Compound interest is not allowed, unless on a special agreement in writing after the lawful interest has become due. The agreement, to be valid, must be prospective in its operation, as that the interest then due and payable shall carry interest thereafter. An agreement, made at the time of the original contract or loan, that interest shall begin and run upon the lawful interest, from the period stipulated for its payment, is not valid.

BILL to foreclose a mortgage, given on the 12th of *May*, 1819, to secure the payment of a bond, conditioned to pay 9026 dollars and 87 cents, on the 12th of *May*, 1820, with interest.

*Sept. 16th.*

It appeared in proof, that this bond and mortgage were given for the balance of two prior bonds, the one dated *May* 2d, 1814, for 4750 dollars, payable the 1st of *May*, 1815, with interest, and the other, dated the 27th of *May*, 1817, for 737 dollars, given for the arrears of interest remaining unpaid on the prior bond ; and that on giving this last bond for 737 dollars, interest on the previous interest remaining unpaid, was calculated for the year it had remained due and unpaid, and was included, and which compound interest amounted to 29 dollars 42 cents.

1822.

VAN BEN-
SCHOOTEN
v.
LAWSON.

It appeared, also, that a judgment bond was taken on the 24th of *April,* 1821, for 966 dollars 65 cents, being for arrears of interest on the bond and mortgage on which this bill is founded, and that 24 dollars 87 cents of compound interest, on interest which had remained due and unpaid, was, also, included in this judgment bond, which has been since assigned by the plaintiffs to a third person.

The case was submitted, upon the pleadings and proofs, whether these charges of compound interest were admissible.

*J. Emott,* for the plaintiffs.

*R. Street,* contra.

THE CHANCELLOR. It is a well settled rule, and for which I may refer to the case of *Connecticut* v. *Jackson,* (1 *Johns. Ch. Rep.* 13.) and to the authorities there cited, that compound interest cannot lawfully be demanded and taken, except upon a special agreement, made *after the interest has become due.* It is, then, a debt due, and the creditor may insist upon immediate payment of it, or that the debtor should allow interest upon it, which is, in fact, turning the interest into principal. In the case of a mortgage security, it would be fair for the mortgagee, says Lord Ch. *Manners,* (1 *Ball & Beatty,* 430.) to call for interest due at the end of the year, and, if not paid, to insist on its becoming principal; but if it constituted part of the original agreement, it would be usurious and oppressive. The agreement, in such cases, is prospective in its operation, and that the interest then due and payable shall, *thereafter,* carry interest. Thus, in the case of *Thornhill* v. *Evans,* (2 *Atk.* 330. n. 1.) Lord *Hardwicke* directed the master, in taking an account of what was due for principal and interest upon the mortgage, to inquire what arrears of interest were, from time to time, *agreed in wri-*

ting to be turned into principal, after such arrears became due, and such arrears to be considered as principal *from the respective times of such agreement.* In that case, there was interest in arrear when the mortgage was paid off, and interest upon that interest was demanded by the creditor, which, says the Lord Chancellor, " was never allowed of in a Court of equity." In the case before me, the agreement of the debtor to allow interest upon the arrears of interest, was retrospective in its operation. It was agreed, on the 27th of *May,* 1817, to allow interest for the year preceding, on the interest which was due the year preceding; and this cannot be permitted, nor such an agreement recognised and enforced in this Court. Compound interest can only be admitted on the fact of a written agreement, made *after* the interest upon which the agreement operates has fallen due ; and to give such an agreement a retrospective effect leads to oppression. It is equally objectionable, as an agreement made at the time of the original contract or loan, that compound interest should begin and run upon the lawful interest the moment it falls due, whether payable yearly, half yearly, or quarterly ; and such agreements are held to be oppressive. To exact from the debtor interest on the previous arrears of interest, without a previous special and particular agreement, for that purpose, is inadmissible. It has no valid basis, nor any acknowledged legal consideration, on which it can rest, if the previous agreement, made at or after the time the interest became due, be wanting. It is the agreement, and not the law, nor the delay of payment, that will turn interest into principal. If the creditor was permitted to exact from the debtor a stipulation to pay interest on arrears of interest then due, it would lead to great and inevitable abuse. It would, perhaps, be less mischievous, because the parties would stand upon more equal terms, to allow of such a stipulation for compound interest, when the original contract is about to be made. The parties

1822.

VAN BEN-
SCHOOTEN
v.
LAWSON.

1822.

Van Ben-
schooten
v.
Lawson.

are, then, independent of each other; but, in the other case, the debtor is comparatively dependent, and probably distressed, and the creditor exacts the stipulation, under the evident advantage of power and superiority. The agreement, on the part of the defendant, to pay compound interest retrospectively, does not alter the case, for the maxim *volenti non fit injuria*, does not apply in these cases. In *Bosanquet* v. *Dashwood*, (*Cases temp Talbot*, 37.) usurious interest had been allowed and paid, yet the Court decreed the creditor to refund it. Here is no money to be refunded. We are only to direct the master, in computing the amount due on the bond and mortgage, to give credit for the sum of 29 dollars 42 cents, as having been paid on the 27th of *May*, 1817, and the sum of 24 dollars 87 cents, as having been paid on the 24th of *April*, 1821, and that those credits, with interest thereon, be deducted from the balance claimed to be due on the bond and mortgage. I shall direct that no costs be allowed, provided the sum to be reported due be paid within thirty days thereafter; and if not paid then, that the sale of the mortgaged premises be made under the usual decree, together with the costs of such sale.

*Decree accordingly.*