FRANK L. JONES AND OTHERS, APPELLANTS, v. BENJAMIN
ENNIS, 2ND, MOSES T. BARNES AND OLIVE NILES,
RESPONDENTS.

*Compound Interest — when an agreement to pay it will not be implied from
indorsements made by the creditor on the debtor's copy of the contract.*

On March 9, 1846, one Livingston contracted to sell the defendant Ennis a tract
of land, the purchase price to be paid as therein provided with interest
annually. After the whole purchase money was due, Livingston sold the fee
and assigned the contract to one Pumpelly. On April 12, 1868, at Ennis' request
the contract was brought by one Barnes to Pumpelly, who indorsed thereon
that there was then due $1,082, $300 to be paid in October next, and time to be
given for the balance. The contract was then returned to Ennis, who retained
it without objection. This amount was arrived at by compounding the interest.
At simple interest the amount due was $669.14.

In an action to enforce the contract, *held*, that Ennis, by retaining the contract
without objection, did not agree to pay the amount stated in the indorsement
to be due, and that it could only be enforced for the amount actually due, com-
puting simple interest only.

A party paying money on a contract of sale, and taking a receipt therefor, is not
concluded as to the amount due on such contract by a statement in the receipt
that a certain sum is due thereon.

APPEAL from a judgment in favor of the defendants, entered
upon the trial of this action by the court without a jury.

The action was brought to foreclose the interest of a vendee in
a contract for the purchase of lands.

On the 9th day of March, 1846, a contract was made by one
Livingston for the sale to the defendant Ennis and one Niles of
fifty acres of land situate in the town of Cayuta, for the sum of
three hundred and forty-five dollars, fifty dollars to be paid on
the 1st day of July, 1846, and the residue in three equal annual
payments, with interest annually; the south half of the fifty acres
to go to Ennis and the north half to Niles. Nothing was paid on
the contract until the 7th day of September, 1849, after the whole
purchase money had become due, when the sum of $120 was paid
and indorsed, and in the month of September, 1862, the further
sum of twenty-five dollars was paid.

In February, 1867, Livingston conveyed the fee of this land
and assigned the aforesaid contract to George J. Pumpelly.

On the 12th day of April, 1868, and after Pumpelly became the owner, the defendant Barnes, at the request of Ennis, took the contract to Owego and left it with Mr. Pumpelly. Barnes was absent a day or two, and upon his return Pumpelly handed him back the contract with the following indorsement thereon :

"*April* 12, 1868.

" Settled the amount due on this contract at $1,082, and it is understood that a payment of say $300 shall be made, say October first next, or before, so that the widow Niles can have her deed of her north half, and then further time is to be given for the balance.                         GEORGE PUMPELLY."

Both the contract and receipt were received by Ennis and retained without objection or dissent on his part.

The amount due on the 12th of April, 1868, at simple interest, would be $669.14 ; with yearly rests it would amount to the above sum of $1,082.

In November, 1872, there was paid upon the contract the sum of $300, and after the application of this sum Pumpelly gave a receipt or made a statement that there was still due the sum of $1,185.

In the month of April, 1877, this action was commenced, claiming that there was due on the contract on the 12th day of November, 1872, the sum of $1,185, which it is asked to have declared a lien upon the south half of the fifty acres, the part owned by Ennis, and in case the proceeds of a sale of the land are not sufficient to realize this amount, that a personal judgment be entered against Ennis for the deficiency.

After the action was commenced and on the third and fourth days of May, 1877, the defendant Ennis paid to the plaintiff the sum of $600.

The Special Term found that the contract was paid in full and gave judgment in favor of the defendants ; the decision being that simple interest only was recoverable on the contract.

*George Sidney Camp*, for the appellants.

*McGuire & Tabor*, for the respondents.

LEARNED, P. J. :

The plaintiffs insist that, as the defendant Ennis received and retained the indorsement upon the contract, he assented to the terms ; and that the indorsement is to be regarded as expressing the agreement of the parties.  But the answer to this argument is that the original contract expressed the agreement of the parties ; and there is no doubt what that contract was.  One party thereto could not change it by merely making an indorsement thereon and sending it back to the other party so indorsed.  The other party, Ennis, had a right to the contract, as it was originally made; and by his retaining the contract so indorsed he did not assent to any proposed modification.

By the terms of the contract there was a certain amount, being in fact about $669, owing thereon April 12, 1868, including the interest.  On that day Pumpelly indorsed thereon a statement that the amount was settled as due that day at $1,080; that $300 was to be paid in October, and further time given for the balance, He made this amount by compounding the interest.

Now, it may very well be true that, if Pumpelly had computed the amount then owing at simple interest, and had stated it on the contract, the simple interest might have been then added to the principal, so as to form a new principal, and to draw interest for the future.  (*Van Benschooten* v. *Lawson*, 6 Johns. Ch., 313.)  But that was not what he did.  He computed compound interest for the past twenty-two years and stated an amount to be then owing on the contract which was not owing.

If he had only stated the amount which was then actually owing, about $669, and the parties had agreed to pay interest on that amount for the future, a different question would have been presented.

But, as the case is, it must be governed by the decision in *Young* v. *Hill* (67 N. Y., 162), which is very closely analogous with the present, and which seems to overrule *Stewart* v. *Petree* (55 N. Y., 621).  The compounding of the interest and the statement of a balance upon such compounding were in that case made by the debtor himself, so that it was more obligatory on him than the indorsements made by the creditor in the present case.

The same reasoning applies to the receipt given by Pumpelly

November 12, 1872. This was given at the time that Ennis, by the hands of Barnes, made a payment of $300. It stated the balance due on the contract to be $1,185, while in fact the amount owing, according to the terms of the contract at simple interest, was only about $486. Ennis could not safely send back this receipt, for it was his evidence of the payment of $300. And the statement therein by Pumpelly of the balance due did not form any new contract.

The equitable title to the land was in Ennis. Pumpelly held the legal title as security for the amount payable on the contract. Ennis made a payment on the contract and Pumpelly gave a receipt for the amount paid, stating also the balance payable, and that it was to be paid in five annual payments.

There is no other evidence of assent thereto or agreement, on the part of Ennis, than this, that he did not return the receipt, The holder of the land could not by inserting in that receipt a statement of the balance, made, as it appears, by compounding, impose upon Ennis terms of payment different from those of the contract.

The judgment should be affirmed, with costs.

Present — LEARNED, P. J.. and BOARDMAN, J.; FOLLETT, J., taking no part.

Judgment affirmed, with costs.