CONNOR & WALKER V. DONNELL, LAWSON & CO.

(Case No. 4307.)

1. USURY.— When a note is discounted at usurious rates for the payee thereof, who then indorses it, the defense of usury is available both for the maker and indorser; the note being accommodation paper, and assigned with notice of that fact.

2. SAME.— The defense of usury to a note which has been usuriously discounted by the indorsee thereof, cannot be interposed by the maker in a suit by the indorsee, if the note, when in the hands of the payee, was supported by a sufficient consideration.

3. ACCOMMODATION PAPER.— An accommodation note, wherever dated, signed and indorsed, takes effect, and in law is regarded as made, when and where it is actually delivered and negotiated.

4. USURY.— Whether a note be usurious or not must be determined by considering the laws of the state in which it is made payable.

5. USURY.— A note was given in renewal of a like note which had been executed for the accommodation of the president of a bank, and was made payable to its order; the former note was discounted by the bank for the president, and thereafter was discounted for the bank in New York at usurious rates. In a suit on the renewal note, held, that the renewed note, like the original, would be in the hands of the bank a valid note, and not as a note made for the accommodation of the bank, and would therefore, like the original, bind the maker when sued by the indorsee, notwithstanding the usurious indorsement; and this although there was no fresh discounting of the new note by the bank, and although the new note may have been obtained by the president with a view to its being indorsed by the bank and discounted by the plaintiff.

6. PLEADING — FACT CASE.— See opinion for pleas of usury in a suit brought by an indorsee on accommodation paper, held defective.

APPEAL from Dallas. Tried below before the Hon. George N. Aldridge.

Suit by appellees upon a promissory note, made by appellants in their firm name, for $3,000, payable to the order of the First National Bank of Dallas, and indorsed by that bank to plaintiffs, dated Dallas, Texas, April 4, 1878, and payable sixty days after date, at the office of Donnell, Lawson & Co.

Connor & Walker pleaded a general denial, and four

special answers, in which, in different aspects, they alleged that the note sued on was void for usury.

Special answer No. 1 alleged that on the —— day of ——, 1877, appellants, at the request of John Kerr, president of the First National Bank of Dallas, gave to him an accommodation note for $3,000, payable to the order of the First National Bank of Dallas, at the office of Donnell, Lawson & Co., sixty days after the date thereof; that the office of Donnell, Lawson & Co. was in the state and city of New York; that as between appellant and the First National Bank and John Kerr, there was no consideration for the note; that it was a mere accommodation note, and was made to enable John Kerr to obtain a loan of money thereon; that thereupon the note was discounted by the bank for Kerr, and was indorsed by it, and soon thereafter, and long before it was due, was forwarded to appellees (Donnell, Lawson & Co.) in the city and state of New York for negotiation, and thereupon, in the city and state of New York, appellees did lend to the First National Bank the amount of the note, less the interest thereon from the time it was dated to the time it was due, at the rate of ten per cent. per annum; that the note was never negotiated or passed from the control of the party to whom it was given by appellants, until it was negotiated by the appellees; that upon the discounting of the note by appellees for the bank, it was unlawfully and corruptly agreed in the city and state of New York, between them, that the bank should pay, and that appellees should have the sum of $52.50, for interest thereon from the date of the note till it was due, it being at the rate of ten per cent. per annum thereon; and that the appellees in the city and state of New York did discount the note for the bank, and then and there unlawfully and corruptly took and received from the bank the sum of $52.50, as interest on the note from its date till the same was due, it being at the rate of ten per cent.

per annum interest thereon; that the note did not provide on its face for the payment of interest; and that by the laws of the state of New York, the legal rate of interest was seven (7) per cent. per annum for forbearance upon a loan of money; that, by the said laws, the taking or receiving more than seven per cent. per annum on a loan of money was prohibited, and that any agreement or contract for a loan of money or any taking of a higher rate of interest than seven per cent. per annum for the loan of money in said state of New York, is, and was at that time by the laws of said state, usurious, and by such laws renders the contract or agreement, upon which such usurious interest was taken, void.

That afterwards, and when said note was near falling due, at the request of John Kerr, president of said First National Bank, appellants signed another note for the same amount, and similar in all respects except as to date to the first note, and dated the same about the time the first note fell due, to wit, on the —— day of ——, 1878, and gave the same to John Kerr; that the same was an accommodation note, and, so far as appellants were concerned, there was no consideration therefor; that said note was made to extend the first note, and was intended, when made, to be forwarded to appellees in the city and state of New York, there to be delivered and discounted by appellees for and on account of the bank; and that the second note was so delivered and discounted for the bank by appellees in the city and state of New York, and the proceeds thereof applied to the payment of the first note for the bank; and that upon such discounting of the same, appellees took and received the sum of $52.50 for interest on said note from its date until it fell due, the same being at the rate of ten per cent. per annum thereon.

That afterwards, and when the second note was about to fall due, at the request of Kerr, president of the bank, appellants, without any consideration and as a mere ac-

commodation note, signed the note sued on; that the note was obtained by Kerr with a view to its being indorsed by the First National Bank and then delivered to and discounted by appellees in the city and state of New York, all of which was well known to appellees; that the note was not discounted or negotiated by the First National Bank, but was simply indorsed and held by it, nor was it put into circulation or delivered to any one, nor was it a valid or subsisting obligation until it was delivered to the appellees in the city and state of New York; that the office of appellees, when the first note was given, was in the city and state of New York, and so continued to be to the time of discounting the note sued on.

That upon the delivery of the note sued on to appellees in the city and state of New York, appellees then and there discounted the same in behalf of and for the First National Bank, and then and there unlawfully and corruptly charged and received for such discount a large sum of money, to wit, the sum of $52.50, interest thereon from the date of the note until the same became due, it being at the rate of ten per cent. per annum thereon, contrary to the laws of the state of New York and the statutes in such case made and provided; whereupon, by reason of the taking of usurious interest and by force of the statutes of the state of New York, defendants say said promissory note is void.

Special answer No. 3 alleged that the note sued on was signed by appellants at the request of John Kerr, who was then president of the First National Bank of Dallas, without consideration on the part of appellants, "for the accommodation of the said First National Bank," of all which appellees had notice; that thereupon said note was indorsed by the bank and delivered to appellees in the city and state of New York, at their office, and that appellees then and there discounted it for the bank, and upon such discounting demanded and received of the bank the sum

of $52.50, as interest from its date to its maturity, it being at the rate of ten per cent. per annum interest thereon; that appellees then and there in the city and state of New York unlawfully and corruptly took and received of the First National Bank, upon the discounting of the note, the sum of $52.50, it being at the rate of ten per cent. interest thereon from the day of its date to maturity; that the legal rate of interest in the state of New York was seven per cent. per annum at that time, and that by the laws of that state the taking or contracting for a higher rate of interest than seven per cent. per annum for forbearance upon a loan of money was prohibited and is usurious, and makes the contract or agreement by which such higher rate of interest than seven per cent. per annum is stipulated for, or taken, void; and that by reason of the said usurious taking of interest at the rate of ten per cent. per annum upon the discounting of said promissory note by appellees, that the same became, and is, null and void.

The answer was sworn to and subscribed by Thomas Walker, one of the firm of Connor & Walker.

Appellees demurred to so much of the answer of appellants "as seeks to render the note sued on in this action void by reason of its being a usurious transaction."

They contended that the plea presented no defense to plaintiffs' action, because it showed that the note sued on was made by the defendants to the First National Bank in the city of Dallas and state of Texas, and was not governed or controlled by the laws of the state of New York.

That the pleas failed to allege that plaintiffs had any notice, prior to their becoming the holders of the note sued on, that the same was without consideration.

To the last paragraph (or fourth special answer) plaintiffs demurred because the statements therein contained failed to allege that a greater rate of interest than that

allowed by the laws of New York or Texas was charged, or that it was a device resorted to by appellees to evade the statutes of New York as to usurious interest.

The court sustained the demurrer of plaintiffs to the special answers of appellants, and appellants declined to amend. A jury was impaneled and sworn, and the case submitted to them upon the other issues and under the charge of the court, who found a verdict for the appellees for $3,420; and thereupon the court rendered judgment for that sum and for costs of suit in favor of appellees and against appellants and the bank.

*White & Plowman, Eblin & Robertson,* for appellants.

*John M. Stemmons,* for appellees.— Appellants' special answer No. 4 avers that the note was made and indorsed at Dallas, Texas; that appellants resided at Dallas, and that it was the legal domicile of the First National Bank. Under this averment the contracting parties had the absolute right, under the law, to contract for the highest rate of interest allowed by the laws of either the state of New York or Texas, without incurring the penalties of usury. See Depau *v.* Humphreys, 20 Martin (8 N. S.), 35; Chapman *v.* Robertson, 6 Paige, 634; Miller *v.* Tiffany, 1 Wall., 309, 310; Wharton's Conflict of Laws, sec. 507; 1 Daniels on Neg. Inst., pp. 766, 767, sec. 924; Bullard *v.* Thompson, 35 Tex., 313, 318.

Suppose the contracting parties, possessing this absolute right to contract for the highest rate of interest allowed by law either in New York or Texas, but laboring under a mistake of their right, really supposed and intended by this alleged device to evade the force of the usury law of New York; would this have vitiated the note, and tainted the transaction with fraud, when in fact the parties had violated no law, no legal right, no moral obligation?

It is respectfully submitted that the case should be affirmed.

GOULD, ASSOCIATE JUSTICE.— It may be regarded as settled law, that if the note sued on was made for the accommodation of the bank, and Donnell, Lawson & Co., knowing that fact, discounted it for the bank at usurious rates, the defense of usury, if made out, would be available to both maker and indorser. 2 Parsons on Notes and Bills, ch. 12, p. 427; 1 Dan. on Neg. Inst., secs. 191, 865; Catlin v. Gunter, 1 Kernan, 369; Williams v. Storm, 2 Duer, 52.

But if the note were supported by a sufficient consideration, so that it was valid against the makers in the hands of the bank, then the rule established by the weight of authority is, that a subsequent usurious discount of the note by Donnell, Lawson & Co. for the bank would not make the defense of usury available in a suit by the indorsees against the makers. 1 Dan. on Neg. Inst., secs. 759, and 762–768, inclusive; 2 Parsons on Notes and Bills, ch. 12, sec. 3, p. 431, and authorities there cited; Knight v. Putnam, 3 Pick., 184, and other authorities cited by these authors.

An accommodation note, wherever dated, signed or indorsed, takes effect, and in law is regarded as made, when and where it is actually delivered and negotiated. 1 Dan. on Neg. Inst., secs. 191, 868; Fant v. Miller, 17 Grattan, 47.

Although, under this rule, a note be actually, or in law, made and indorsed by citizens of Texas in New York, and be there discounted by a citizen of New York at a rate lawful in Texas but usurious in New York, if by the date and tenor of the note it appears that the parties intended to make it payable in Texas, and contracted with reference to the laws of Texas, the courts of this state follow the authorities which hold such a note valid. Bullard v. Thompson, 35 Tex., 313; Depau v. Humphreys,

8 Martin (N. S.), 1; Chapman *v.* Robertson, 6 Paige's Ch., 627.

But if the note sued on be in law made in New York, and be also expressly made payable at a point in that state, then the question of usury will be controlled by the law of New York. It is believed that no authority can be adduced to the contrary. See Dickinson *v.* Edwards, 77 N. Y., 173.

Testing appellants' third plea or answer by these rules, it is found to present a valid defense. It shows that the note sued on was made for the accommodation of the bank, and although signed, dated and indorsed in Texas, was first negotiated and delivered in New York, and in law was made there. The note being also payable in New York, and having been discounted there for the bank at a rate of interest forbidden by the law of that state, the defense of usury, as stated by the plea, was complete.

Our conclusion in regard to the other pleas is, that they are defective. The first plea shows that the note sued on was given in renewal, for the second time, of a like note made for the accommodation of John Kerr, president of the bank, which former note was discounted by the bank for Kerr, and thereafter was discounted in New York for the bank at usurious rates. Clearly the original note was valid in the hands of the bank as against the makers, and, notwithstanding any subsequent usurious indorsement, the makers were liable on that note. The different renewal notes, like the original, would be in the hands of the bank as valid notes, and not as notes made for the accommodation of the bank, and would therefore, like the original, bind the makers, when sued by the indorsees, notwithstanding the alleged usurious indorsements, and that, too, although there was no fresh discounting of the new note by the bank, and although the new note may have been obtained by Kerr with a view to its being indorsed by the bank and discounted by appellees. From the

averments of the plea it appears that the note sued on was given for the purpose of extending a former note, and the legitimate inference is, that it was in the hands of the bank on the understanding that it was to be used for that purpose, and not merely for the accommodation of the bank. The averment of legal conclusions, such as that the note was not a valid or subsisting obligation until delivered to appellees in New York, cannot support the plea in the absence of sufficient averments of facts showing that it came to the hands of the bank unsupported by any consideration, but was placed there purely for the bank's accommodation.

In the second and fourth pleas, it also appears that the note was made for the accommodation of Kerr, but it does not sufficiently appear that Kerr delivered it to the bank without consideration, or for its accommodation. The presumption of a good consideration as between the bank and Kerr is not negatived, nor is it shown by any distinct and intelligible averments how the note came to the possession of the bank. As the conclusion reached in regard to the third plea requires a reversal of the judgment, and as the principles controlling the attempted defense of usury have been sufficiently stated, we deem it unnecessary to consume further time in discussing the different pleas of the defendant. The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered May 3, 1881.]