THE YORK-RITCHIE EXCHANGE AND INVESTMENT COMPANY *et al.* v. WM. W. MITCHELL *et al.*

No. 266.

1. STATUTE OF LIMITATIONS—*begins to run when mortgage debt declared due.* By the terms of a mortgage securing the payment of a note due in five years, the holder has an option to declare the note due in advance of maturity by its terms, upon the occurrence of defaults of the maker. There is in such case a further extension of time in the parties' contemplation, and the Statute of Limitations does not begin to run against the cause of action on the note until the holder exercises such option by declaring the note due, or some act equivalent thereto.

2. TAX-SALE NOTICE—*Casner v. Gahlman, ante, followed as to validity of.* Upon the question of the validity of the notice of tax sale, the decision in *Casner v. Gahlman*, ante, p. 295, is followed.

Error from Saline District Court. Hon. R. F. Thompson, Judge. Opinion filed November 15, 1897. *Affirmed.*

*David Ritchie*, for plaintiffs in error.

*Burch & Burch*, for defendants in error.

MAHAN. P. J. There are two questions presented in this case. The first is, Was the plaintiff's action upon its note and mortgage barred by the Statute of Limitations ? This contention is based upon a condition in the mortgage which is in substance that,

whether the holder elect to pay the taxes and insurance premiums upon the mortgagor's default or not, it was distinctly understood that the legal holder might cause the mortgage to be foreclosed, and should be entitled to the immediate possession of the premises and the rents and profits thereof. This is but one condition. It does not provide in terms that the debt secured by the mortgage shall become due. No action can be maintained upon the mortgage separate from the note. The foundation of the action is the bond; the mortgage is a mere incident, although they are construed jointly. Taking the entire mortgage in all its provisions, we are of the opinion that it was not the intention of the parties that the debt should become due absolutely upon a default of this condition, but that it should only become due at the option of the holder. It was contemplated by the parties that further time might be given; that further time would be given unless the holder should elect to take advantage of the default and declare the debt due. *Richardson v. Warner,* 28 Fed. Rep. 343; *Nebraska City Nat. Bank v. Gas-light & Coke Co.,* 14 id. 763. The court did not err in overruling the defendant's demurrer to the plaintiff's petition.

The next question is, Was the notice of the tax sale, the basis of defendant's title, so defective as to avoid the deed issued thereon, because of the omission from the notice of the recital that the land would be sold by the county treasurer? This question we have just decided in the affirmative in the case of *Casner v. Gahlman,* ante, p. 295. It is as much a positive requirement of the statute that the notice shall state that the land will be sold by the proper officer of the county, as that it shall state that it will be at public sale. A mortgagee may exercise the rights of the owner under his mortgage interest.

The court did not err in holding the tax deed void-able, and that the plaintiff in error had only a lien upon the land for the taxes and interest.

The judgment is affirmed.