THE MORTGAGE TRUST COMPANY OF PENNSYLVANIA v. JOSIE M. BACH et al.

**No. 13,768.** ( 77 Pac. 545.)

SYLLABUS BY THE COURT.

PROMISSORY NOTE—*Maturity upon Default in Payment of Interest—Effect of Declaration of Option in Petition.* A note secured by mortgage bore interest at the rate of six and one-half per cent. per annum and provided that the failure to pay any interest coupon should mature the entire debt, at the option of the holder, and it was stipulated that the note should draw interest after maturity at the rate of ten per cent. per annum. There was default in the payment of interest, but the holder did not then elect to declare the whole debt due, nor until about a year afterward, when a foreclosure action was brought. In the petition the holder averred that it then elected to declare the entire debt due as of the time when default was made. *Held*, that the holder could not, by a mere averment, give its declaration of election a retrospective effect, thus making the entire debt to become due and to draw interest at the increased rate about a year before the option was in fact exercised.

Error from Pawnee district court; CHARLES E. LOBDELL, judge. Opinion filed July 7, 1904. Affirmed.

*G. Polk Cline*, and *Alex. A. Sharp*, for plaintiff in error.

*H. S. Rogers*, and *V. H. Grinstead*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, C. J. : On January 1, 1902, Josie M. Bach and her husband executed and delivered to the Mortgage Trust Company of Pennsylvania a promissory note for $3000, due five years after date, with interest at the rate of six and one-half per cent. per annum, payable semiannually, and at the same time they executed a mortgage on real estate to secure the payment of the note. There was a provision in the note that upon default in the payment of any interest coupon, or failure to comply with any of the conditions contained in the mortgage, the debt should immediately become due and payable, at the option of the legal holder thereof, and that the note and attached coupons should draw interest at the rate of ten per cent. per annum after maturity. The mortgage provided that upon failure to pay any part of the interest or principal the entire debt should immediately become due and payable, at the option of the holder, without notice. The interest coupon maturing July 1, 1902, was not paid, and on July 1, 1903, the plaintiff commenced this action, asking judgment for the amount of the note, with interest from July 1, 1902, at the rate of ten per cent. per per annum. In the petition the plaintiff alleged that under the terms of the note and mortgage it elected to declare, and did declare, the entire amount due July 1, 1902. The court allowed interest at the rate of six and one-half per cent. until the action was commenced, and ten per cent. thereafter.

The only matter in controversy between the parties is whether interest should have been allowed at the rate of ten per cent. from July 1, 1902, or from the date when the action was begun, to wit, July 1, 1903. The increased rate did not apply until the maturity of the note. By its terms the note was to mature January 1, 1907, but maturity might be accelerated by default in the payment of any interest coupon, at the option of the holder. There was a default on July 1, 1902, and if the trust company had then exercised its option and elected to declare the entire debt due it would have been entitled to the increased rate. The option, however, was not in fact exercised until this action was begun. The allegation in the petition "that the interest due July 1, 1902, has not been paid, and the said plaintiff under the terms of said note and mortgage elects to declare, and does declare, the entire amount due July 1, 1902," did not operate to set back the election to the time stated. The plaintiff could not, by mere averment, give its declaration of election a retrospective effect, and thus make the whole debt due a year before the option was exercised. The default alone did not mature the debt. That circumstance afforded the holder ground for accelerating maturity, but until it in fact should have exercised its option, and declared the debt due by reason of the default, the note was not mature, and it was not entitled to the higher rate of interest. (*Hutchinson v. Benedict*, 49 Kan. 545, 31 Pac. 147 ; *Keys v. Lardner*, 55 id. 331, 40 Pac. 644 ; *Kennedy v. Gibson*, 68 id. 612, 75 Pac. 1044 ; *York-Ritchie Co. v. Mitchell*, 6 Kan. App. 317, 51 Pac. 57.)

The judgment of the district court will be affirmed. All the Justices concurring.