No. 24,817.

S. B. JONES and JAMES A. UTTERBACK, *Appellees*, v. AMANDA L. NOSSAMAN et al., *Appellants*.

### SYLLABUS BY THE COURT.

1. USURY—*Promissory Note to Draw Ten Per Cent Interest—Overdue and Unpaid Interest to Draw Ten Per Cent Interest—Note Not Usurious.* A contract evidenced by a promissory note for the payment of a principal sum of money, with ten per cent interest thereon to be paid annually, and which stipulates that "if the interest be not paid when due, to become as the principal then and annually thereafter and bear the same rate of interest," is not a contract for the payment of more than ten per cent interest on money due, and is not usurious.

2. SAME—*Renewal Notes—Not Usurious.* A promissory note which is the last of a series of renewal notes in each of which the overdue and unpaid interest at the contract rate of 10 per cent was computed and added to the face of the principal obligation in the successive renewals, less credits for partial payments therein, but where no interest in excess of the lawful rate was thus computed and added, contains no taint of usury, since our statute regulating interest charges and forbidding usury lays no ban against contracts for the payment of interest on overdue and unpaid interest.

Appeal from Kingman district court; GEORGE L. HAY, judge. Opinion filed December 8, 1923. Affirmed.

*H. E. Walter,* of Kingman, for the appellants.
*S. S. Alexander,* of Kingman, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: Plaintiffs brought this action to recover from the defendants on the following promissory note:.

"7684.12.                              CUNNINGHAM, KANSAS, November 3rd, 1920.

"Six months after date, for value received, we promise to pay to the order of Jones and Utterback, Seven Thousand Six Hundred and Eighty Four and 12-100 Dollars, at the Farmers State Bank of Cunningham, Kansas, with interest thereon at 10 per cent per annum after date until paid. If the interest be not paid when due, to become as the principal then and annually thereafter, and bear the same rate of interest. . . .

"EARL A. NOSSAMAN
"AMANDA L. NOSSAMAN
"Due May 3rd, 1921.                    "S. W. NOSSAMAN
"P. O. Anthony, Kansas."               "W. P. NOSSAMAN

Indorsement on back: "April 22nd, 1921. Received $156.76."

Jones v. Nossaman.

The answering defendants alleged that the principal obligor on the note, Earl Nossaman, had been discharged in bankruptcy; that the note had its inception in an indebtedness of Earl Nossaman to plaintiffs amounting to $3,100 on January 1, 1909, evidenced by a note of that date, viz:

"EXHIBIT ONE.

"3100.00.                          CUNNINGHAM, KANSAS, Jan. 1st, 1909.

"One day after date we promise to pay to the order of Jones and Utterback, the sum of Thirty-one Hundred Dollars, for value received, with 10 per cent interest per annum from date. If the interest is not paid, to become as principal and bear the same rate of interest, payable without defalcation or discount. . . .                          "EARL A. NOSSAMAN
                                         "W. P. NOSSAMAN
                                         "S. W. NOSSAMAN."

Indorsed on back:

"12-14-12 Pd. 3647.96.
"By new note signed."

Defendants alleged that usurious interest was computed on the above note, Exhibit one, and included in a later note of December 14, 1912, viz.:

"EXHIBIT TWO.

"3647.96.                          CUNNINGHAM, KANSAS, December 14, 1912.

"One year after date we promise to pay to the order of Jones and Utterback, the sum of Thirty-six Hundred Forty-seven and 96-100 Dollars, for value received, with 10 per cent interest per annum from date. If the interest is not paid to become as principal, and bear the same rate of interest, payable without defalcation or discount. . . .                          "EARL A. NOSSAMAN
                                         "W. P. NOSSAMAN
                                         "S. W. NOSSAMAN."

Indorsed on back: "Sep. 4, 1916 Received $50.00."

Defendants also alleged that usurious interest was likewise computed on the note, Exhibit 2, and included in two later notes of April 11, 1917, viz.:

"EXHIBIT THREE.

"3647.96.                          "CUNNINGHAM, KANSAS, April 11, 1917.

"On demand after date for value received we promise to pay to the order of Jones and Utterback, Thirty-six Hundred Forty-seven and 96-100 Dollars, at Farmers State Bank of Cunningham, Kansas, with interest thereon at 10 per cent per annum from date. If the interest be not paid when due to become as principal, and then and annually thereafter, and bear the same rate of interest. . . .                          "EARL A. NOSSAMAN
                                         "AMANDA L. NOSSAMAN
                                         "W. P. NOSSAMAN
                                         "S. W. NOSSAMAN."

"EXHIBIT FOUR.

"1818.91.      CUNNINGHAM, KANSAS, April 11, 1917.

"Dec. 11, 1917 after date for value received we promise to pay to the order of Jones and Utterback, Eighteen Hundred Eighteen and 91-100 Dollars, at Farmers State Bank of Cunningham, Kansas, with interest thereon at 10 per cent per annum from date. If the interest be not paid when due to become as principal, and then and annually thereafter, and bear the same rate of interest. . . .

"EARL A. NOSSAMAN
"AMANDA L. NOSSAMAN
"W. P. NOSSAMAN
"S. W. NOSSAMAN."

Defendants also alleged that usurious interest was similarly computed on the notes, Exhibits 3 and 4, and included in the note dated November 3, 1920, sued on in this action.

Defendants also pleaded the usurious contract for the exaction of interest in the note of December 3, 1920, now sued on, because by its terms the principal sum bore the maximum contract rate of interest allowed by law and also stipulated for the payment of interest on the accrued maximum of lawful interest.

Plaintiffs' demurrer to part of defendants' answer was sustained, and a verdict for plaintiff was returned by a jury to whom certain issues not now important were submitted. Judgment was entered for plaintiff on the note of November 3, 1920, and for interest thereon according to its terms.

Defendants' appeal pertains to the propriety of the trial court's ruling on the demurrer, which chiefly involves the question whether interest on accrued maximum interest overdue and unpaid is usurious. It will shorten our task, perhaps, to consider this question first with reference to the note here sued on. The note bears ten per cent interest, the maximum rate allowed by our statute which, in part, reads:

"The parties to any bond, bill, promissory note or other instrument of writing for the payment or forbearance of money may stipulate therein for interest receivable upon the amount of such bond, bill, note, or other instrument of writing, at a rate not to exceed ten per cent per annum: *Provided,* That any person so contracting for a greater rate of interest than ten per cent per annum shall forfeit all interest so contracted for in excess of such ten per cent; and in addition thereto shall forfeit a sum of money, to be deducted from the amount due for principal and lawful interest, equal to the amount of interest contracted for in excess of ten per cent per annum." (Gen. Stat. 1915, § 5482.)

"All payments of money or property made by way of usurious interest, or of inducement to contract for more than ten per cent per annum, whether

Jones v. Nossaman.

made in advance or not, shall be deemed and taken to be payments made on account of the principal and ten per cent interest per annum, and the courts shall render judgment for no greater sum than the balance found due after deducting the payments of money or property made as aforesaid: *Provided,* That no *bona fide* indorsee of negotiable paper purchased before due shall be affected by any usury exacted by any former holder of such paper unless he shall have actual notice of the usury previous to his purchase. But double the amount of such excess incorporated into negotiable paper may in such cases, after payment, be recovered back by action against the party originally exacting the usury, in any court of competent jurisdiction: *Provided further,* That such action shall be brought within ninety days from the maturity of such paper." (Id. § 5483.)

The interest on defendants' note was to be paid annually, and the stipulation is that if the interest is not thus paid, it is to become as principal and bear the same maximum rate of interest as the original principal obligation.

Does the vice of usury inhere in this stipulation? So far as our own analogous but scant precedents are concerned, they indicate a negative answer to this question. In *Investment Co. v. Brown,* 89 Kan. 66, 68, 130 Pac. 665, one of the questions involved was whether the highest lawful contract rate of interest could be exacted on the principal indebtedness and likewise the highest lawful contract rate of interest could be exacted on the overdue but unpaid interest coupons. The court said:

"The highest rate of interest recoverable at the time of the making of the contract in 1903 was ten per cent per annum on the amount of the indebtedness, and the parties had a right to contract for any rate of interest which did not exceed ten per cent. They also had a right to contract that the coupon notes should draw interest at the rate of ten per cent per annum after maturity." (See, also, *Trust Co. v. Bach,* 69 Kan. 749, 77 Pac. 545.)

Some courts make a distinction between ordinary promissory notes which stipulate that interest which is not paid when due shall bear interest and promissory notes with coupons annexed evidencing the interest to be paid and which shall separately bear interest if not paid when due. The distinction is manifestly illogical, an undue regard to form and disregard of substance, for the principal note and the coupon notes are but related memoranda of one transaction, one contractual obligation. The supreme court of Minnesota recognized the want of logic in such a distinction in *Lee v. Melby,* 93 Minn. 4, where in the first section of the syllabus it declared:

"Following various early decisions, a contract included in a single instrument to pay interest upon interest is inequitable, and will not be enforced.

The recovery of interest upon overdue interest coupon notes, such coupons being separate instruments, is an illogical exception to the rule."

In *Meyer v. Graeber*, 19 Kan. 165, the note was substantially similar to the one now under discussion, but the question whether excessive or usurious interest inhered in it was not determined. The court said:

"Horton, C. J.: . . . It is not necessary now to decide whether parties can make provisions in their contracts that interest shall become principal, because, if held they cannot, the portion of the note and mortgage containing such stipulations would be void, and therefore of no force; and the same result would be reached as to the interest being payable annually, as if we attempt to carry out the actual intention of the makers of the contract, without regard to the question of the validity of the same. . . . As to the question of the oppressive and illegal character of such contracts, see *Howard v. Farley*, 19 Abb. Pr. Rep. 126; *Van Benschooten v. Lawson*, 6 Johns. Ch. 313; 'Interest upon interest', Albany Law Journal, vol. 16, p. 252, and the cases there cited." (p. 167.)

In the first of these old cases cited by Mr. Chief Justice Horton, the syllabus reads:

"Where, by the condition of a bond, the interest is payable at specified times before the principal sum becomes due, such interest, on a demand of it after it has accrued, becomes principal, and will bear interest from the time of such demand; or, if a demand is not proved, from the commencement of suit." (*Howard v. Farley*, supra.)

In the second, the syllabus reads:

"Compound interest is not allowed, unless on a special agreement in writing after the lawful interest has become due. The agreement to be valid, must be prospective in its operation, so that the interest then due and payable shall carry interest thereafter. An agreement, made at the time of the original contract or loan, that interest shall begin and run upon the lawful interest, from the period stipulated for its payment, is not valid." (*Van Benschooten v. Lawson*, supra.)

In ancient times, the exaction of any interest, whether moderate or excessive, was denominated usury:

"If thou lend money to any of my people that is poor by thee, thou shalt not be to him as an usurer, neither shalt thou lay upon him usury." (Exodus, 22:25.)

"Unto a stranger thou mayest lend upon usury; but unto thy brother thou shalt not lend upon usury." (Deuteronomy, 23:20.)

By the dawn of the Christian era interest for the use of money loaned for commercial enterprise had become conventional. In the

Parable of the Talents, the unprofitable servant was rebuked by his master:

"Thou oughtest therefore to have put my money to the exchangers, and then at my coming I should have received mine own with usury." (Matthew, 25:27.)

See, also, Usury in 27 Encyclopedia Britannica (11th ed.) 811; *Marshall v. Beeler,* 104 Kan. 32, 178 Pac. 245.

In modern times the exaction of reasonable interest for the use of money is recognized as free from any taint of impropriety; and the term usury is now confined to interest in excess of the maximum rate allowed by statute. The whole matter is regulated by statute, and in this state, at least, debtors are generously protected from extortionate creditors by our humane exemption statutes, our long periods of redemption after foreclosure sales and the like. But since the legality or illegality of the exaction of interest is simply a matter of statute, precedents from other jurisdictions are not of controlling significance; and a student of the general subject can find authorities for almost any view he cares to adopt. Thus in *Carney v. Matthewson,* 86 Ark. 25, the syllabus reads:

"1. A stipulation in a note to the effect that if it is not paid at maturity it shall thereafter draw interest at a rate greater than the statutory limit is regarded as a penalty; and, as the debtor has it in his power to avoid paying the penalty by discharging the debt when due, such stipulation is held to be free from usury.

"2. Taking a note which bears ten per cent interest per annum, and provides that if interest be not paid annually it shall become principal and bear the same rate of interest is not such a compounding of interest as would render the note usurious."

See, also, *Sanford v. Lundquist,* 80 Neb. 414; 18 L. R. A., n. s., 633, and note.

On the other hand, part of the headnote in *Cox v. Smith et al.,* 1 Nev. 161, reads:

"It is a settled rule in courts of equity that a contract for future compound interest will not be enforced. The rule in courts of law is not so well settled in regard to such contracts.

"Our statute does not sanction compound interest. Contracts, therefore, in regard to compound interest, must stand or fall by the established rules of equity and common law courts. It is held in this state that contracts for compound interest cannot be enforced."

It would be an endless task to attempt to marshal the authorities supporting these and other divergent views. They will be found in any cyclopedia. Thus in 27 R. C. L. 228, it is said:

Jones v. Nossaman.

"The great weight of authority supports the view that a stipulation made before interest has become due, that unpaid interest shall itself bear interest, or shall from time to time become principal and bear interest as such, regardless of its enforceability, does not, unless intended as a cover for usurious interest, taint the original obligation with usury. It has even been said that compound interest has nothing to do with usury; and certainly the payment of interest on overdue instalments of interest, evidenced by separate coupon notes, given at the time of the accrual of the debt, for interest on the principal, does not constitute usury."

### In 22 Cyc. 1509, it is said:

"Where interest is by agreement payable at stated periodical times, and is not paid at such times, it is generally held that interest on such instalments of interest will be allowed from the time they become due and payable, but in some jurisdictions the courts refuse to allow interest upon such unpaid interest."

### In 39 Cyc. 962-966, it is said:

"But the rule generally prevailing is that overdue interest does not bear interest. But at least there would seem to be no good reason why the courts should not enforce an agreement, made in consideration of the creditor's forbearance to collect interest due, whereby the debtor promises to pay lawful interest upon the sum forborne. And, in the absence of fraud, it would seem immaterial when such an agreement was made, whether at the time of the original loan or afterward. . . . But from the earliest times the English courts of chancery have muttered dissatisfaction with agreements for compound interest, and even held them unenforceable in some instances. . . .

"When the parties to a loan agree, before any instalment of interest falls due, that unpaid interest shall bear interest, several different views are taken by the courts as to the effect to be given to such contract. In a few cases it has been declared usurious; but in the great majority of cases it has been held merely unenforceable, as tending to oppression and usury. In other states such agreements, if made, have been held valid and enforceable. In still other jurisdictions a distinction has been taken between those contracts which stipulate for compounding interest during the whole currency of the loan, the debtor having no right to pay any interest until the maturity of the principal obligation, and those which give the debtor the privilege of paying interest at stated periods, and provide that, if such instalments of interest remain unpaid, they shall bear interest from the date of default. Contracts of the former kind are held usurious, while those of the latter sort are said merely to provide a penalty for default, and are not usurious, in accordance with the well-known rule that the imposition of a penalty for default, against which the debtor may relieve himself by prompt payment, will not render a loan usurious."

It seems to us that overdue and unpaid interest is simply money due, just the same as the principal debt at maturity is money due; and an agreement to pay interest on money due as logically applies to interest-money due as to principal-money due; and we will not

Jones v. Nossaman.

stultify ourselves by drawing fanciful distinctions between promissory notes with interest coupons annexed and notes where all the terms of the contract are set down on one slip of paper; nor will we agree that any vice of usury which might inhere in a contract to pay interest on overdue interest could be freed therefrom by the use of a pair of scissors to detach interest coupon notes from their related principal obligation, nor work any magical reformation in the character of the contract. Neither will the court read into the law what our legislature has never declared; so, until an agreement to pay interest on overdue and unpaid interest falls under the ban of our legislature, the court sees no honest alternative to an order entering judgment on the contract made by the parties according to its terms.

Turning next to that part of the defense which alleges that the vice of usury inhered in the earlier notes set out above as exhibits, it will be noted that under the conclusion just reached none of them provided for the payment of interest in excess of the statutory contract maximum rate of 10 per cent. The first of these does not specifically provide that interest was to be paid annually, but it is pleaded and may be taken as true that it was construed by the parties that the interest was to be paid annually and was so computed and included in the note of December 14, 1912, as part of the resulting principal obligation. Substantially the same construction was given and similar computations made in the later renewal notes. But since we have determined that an agreement to pay interest on overdue interest is not usurious, even when the maximum contract rate of interest is contracted for, there was nothing irregular in the parties construing their own contract as to the unspecified times when the interest should be paid, and consequently there was no usury in the computations used. In 39 Cyc. 967-969, it is said:

"It seems to be universally admitted that after interest becomes due the parties may make a valid contract whereby, in consideration of the lender's forbearance to compel payment, the borrower may bind himself to pay interest thereon. Such an agreement may be in the form of a settlement of accounts, or of a new note taken for principal and interest. . . . In like manner a judgment for principal and interest due will bear interest upon its whole amount, just as will any other judgment.

"It frequently happens that when an obligation long past due is renewed, the past due interest is compounded, and added to the principal to make the sum for which the new note is given. In some cases such notes are declared usurious, in others unenforceable as lacking consideration or oppressive; but

in most jurisdictions they are held valid and enforceable, the consideration for the promise to pay the compound interest included in the notes being found in the moral obligation under which the debtor is supposed to rest to make good his default in payment of interest."

See, also, *Bramblett & c. v. Deposit Bank of Carlisle*, 122 Ky. 324, 6 L. R. A., n. s., 612; and note in 46 A. S. R. 178, 190, *et seq.*

Indeed, it seems to be generally held that to constitute usury there must be an intent to exact a rate in excess of the statutory maximum. The taint must be in the agreement. (*Lusk v. Smith*, 71 Kan. 550, 556, 81 Pac. 173; 27 R. C. L. 221.) In the present case, it does appear that an infraction of the standard United States' rule for the application of partial payments of indebtedness was committed in the manner of crediting the payment of $50 on note, Exhibit 2, on September 4, 1916. It was improper to compute the interest on that note to that date and subtract the credited $50 at that time, and to calculate interest on the balance then due to the next rest period, April 11, 1917, when the note was again renewed. We say it was improper because a payment on a note insufficient to meet the interest then accrued, and a deduction of the smaller credit from the aggregate amount of principal and interest then due, left the debtor worse off than if he had made no payment, for he then had a larger burden of debt to pay interest on than he had before. In 15 R. C. L. 31, it is said:

"As to the computation of interest where partial payments have been made upon a debt bearing interest the rule sanctioned by the decisions or statutes of most of the states, and commonly known as the United States rule, is to apply the payment, in the first place, to the discharge of the interest then due. If the payment exceeds the interest, the surplus goes towards discharging the principal, and the subsequent interest is to be computed on the balance of principal remaining due. If the payment be less than the interest, the surplus of the interest must not be taken to augment the principal; but interest continues on the former principal until the period when the payments, taken together, exceed the interest due, and then the surplus is to be applied towards discharging the principal, and interest is to be computed on the balance as aforesaid."

However, this item is relatively negligible in the present case, and no point is made thereon. Furthermore, the application of an improper rule for the computation of interest is a mistake of law to which the parties may bind themselves when neither statute nor public policy is violated thereby.

The record discloses no prejudicial error, and the judgment is affirmed.

Jones v. Nossaman.

Hopkins, J., dissenting.

Harvey, J. (dissenting): I agree that, whatever might be the result measured by the practices of former times or the statutes of other states, this case should be determined by our statute, the pertinent portion of which is as follows: "The parties to any . . . promissory note . . . may stipulate therein for interest receivable upon the amount of such . . . note . . . at a rate not to exceed ten per cent per annum . . ." (§ 5482 Gen. Stat. 1915.) A penalty is provided for charging a higher rate.

Now, let us apply the statute to this case. The amount originally loaned was $3,100. The note was dated January 1, 1909, was due one day after date "with 10 per cent per annum from date. If interest is not paid to become as principal and bear the same rate of interest." It was not paid, nor settled for until December 14, 1912, 3 years, 11 months and 13 days after date. The interest, at the maximum rate named in the statute, and at the rate named in the note, for that time was $1,225.37, making the amount then due, $4,325.37. There was paid on that date, as alleged in the answer, $871.25, leaving a balance due of $3,454.12. A new note was then given for $3,647.96, which was $193.82 in excess of the balance due. This excess is conceded to be an interest charge of some kind and not an additional loan. It is contended by the creditor that this excess is justified by some process of computing interest, and his contention is approved by the majority opinion. To my mind, it is not material how it was computed. The bald fact remains that the second note contains $193.82 in excess of the maximum rate of ten per cent per annum named in the statute. No process of computation will authorize or justify an interest charge in excess of that provided by the statute.

This vice runs through all these notes, with the result that the interest in the note sued upon at the time judgment was rendered, in excess of the maximum of ten per cent authorized by the statute, is more than one thousand dollars. The statute should not be evaded by any process of computation or reasoning, but it should be followed and enforced.