(No. 5408. March 29, 1930.)

BERTHA MUSSER, Respondent, v. J. H. MURPHY, Appellant.

[286 Pac. 618.]

Turner K. Hackman, for Appellant.

Martin & Martin, for Respondent.

VARIAN, J.—Plaintiff brought this action upon a promissory note to recover $4,852.45, interest and attorneys' fees. Defendant admits the execution of the note, and that no part of the principal or interest has been paid. He alleges that the note represents loans aggregating the principal

sum of $2,550, and that the balance of the principal sum mentioned in said note represents compound interest on said sum of $2,550, and a greater sum than ten per cent per annum upon the original sum loaned.

A jury trial was waived by the parties. The court made findings and conclusions of law, and entered judgment for plaintiff for the full principal sum, interest and attorneys' fees, from which defendant appeals.

Appellant urges that the facts here disclose a transaction involving the taking of compound interest in violation of law, but does not contend that usury is involved, although he claims the benefit of the penalties of the usury statute (C. S., sec. 2554).

Compound interest has been defined as "interest upon interest" (1 Bouvier's Law Dictionary, 8th ed., p. 573; 33 C. J., p. 179), and as "where accrued interest is added to the principal sum and the whole treated as a new principal for the calculation of the interest for the next period." (33 C. J., p. 179. See, also, Anderson's Law Dictionary, p. 563; Black's Law Dictionary, 2d ed., p. 234.) The general rule is that compound interest is not favored by the law (33 C. J., p. 191), and until the act of 1919 (Sess. Laws 1919, chap. 114, p. 400) was prohibited by statute, although the right to contract to pay interest upon interest already overdue at the date of the agreement was granted. (Rev. Codes (1908), sec. 1539.) This last section, as amended in 1919, now reads:

"Parties may agree in writing for the payment of compound interest, if the rate of interest on interest does not exceed the maximum allowed by section 2552 and the aggregate of the interest and compound interest does not exceed such maximum rate on the principal; and subject to the power of a court to afford relief from contracts usurious by reason of fraud or duress or otherwise, and to allow the recovery of usury already paid." (C. S., sec. 2553.)

C. S., sec. 2552, provides that "parties may agree in writing for the payment of any rate of interest, on money due

or to become due on any contract, not to exceed the sum of 10 per cent per annum.''

The facts in the present case do not bring it within the prohibitions of either of these statutes. The note sued upon was given in renewal of different successive renewal notes, with the interest added in each instance, and is a new and separate contract to pay interest upon ''money due'' at the date of its execution. The terms of C. S., sec. 2552, are clear and unambiguous, and permit a contract to pay interest up to not exceeding ten per cent per annum upon money due, whether on account of accumulated interest or otherwise.

The extension of the time for payment of the past-due interest, and forbearance to enforce immediate payment, are a sufficient consideration for the new contract. (27 R. C. L., p. 229, sec. 29; 33 C. J., p. 195; *Gay v. Berkey,* 137 Mich. 658, 100 N. W. 920.) The prevailing rule in most jurisdictions accords with the view that, in the absence of any statute prohibiting it, the parties may agree, after the interest has accrued, to add the past-due interest to the principal (33 C. J., p. 192), thus making a new principal; and, if evidenced by a new note or embraced in a new security or other writing, ''interest on interest is always allowed.'' (33 C. J., p. 193; 15 R. C. L., p. 37, sec. 35; note, 37 A. L. R. 328; note, 18 L. R. A., N. S., 633; *Newburger-Morris Co. v. Talcott,* 219 N. Y. 505, 3 A. L. R. 287, 114 N. E. 846.) Such contracts are upheld where, as here, the successive renewal notes permit the principal to earn a higher rate of interest than the statute permits. (*Camp v. Bates,* 11 Conn. 487; *Mowry v. Bishop,* 5 Paige (N. Y.), 98; *Sanford v. Lundquist,* 80 Neb. 414, 118 N. W. 129, 18 L. R. A., N. S., 633; *Jones v. Nossaman,* 114 Kan. 886, 37 A. L. R. 317, 221 Pac. 271.) Nor do the facts, as disclosed by the evidence, constitute usury under the provisions of C. S., sec. 2554, since there is no allegation, nor proof, that plaintiff ''knowingly'' took, received, reserved or

charged an excessive or unlawful rate of interest. (*Easton v. Butterfield Live Stock Co.*, 48 Ida. 153, 279 Pac. 716.) Judgment affirmed. Costs to respondent.

Givens, C. J., and Budge, Lee and McNaughton, JJ., concur.