## SMITH v. WESTERN & SOUTHERN LIFE INS. CO.
### No. 8008.

Circuit Court of Appeals, Fifth Circuit.
Feb. 3, 1937.

a Texas court sought an account of a debt made in 1921 and renewed in 1931, with payments made during the interval; and because of usury in the debt which under Texas law (Vernon's Ann.Civ.St.Tex. art. 5071) renders void the contract to pay interest, she sought to apply all payments of interest to the principal, and having thus extinguished the principal to cancel the deed of trust given as security. The suit was removed to the federal court and there dismissed for want of equity, after leave had been granted for an amendment tendering or agreeing to be charged with legal interest and amendment had been declined. The case was evidently thought to be governed by the Texas law of usury, but that a federal court of equity should refuse to grant affirmative relief on account of usury unless legal interest be paid, Pom.Eq.Jur.(4th Ed.) § 391, 937; Tiffany v. Boatman's Savings Institution, 18 Wall. 375, 385, 21 L.Ed. 868; and since the Texas usury statutes do not affirmatively authorize cancellation of securities, that the decision in Missouri, K. & T. Trust Co. v. Krumseig, 172 U.S. 351, 19 S.Ct. 179, 43 L.Ed. 474, should not be applied, especially after long delay during which the money was used without asserting any fault in the contract by which it was borrowed.

■ Without examining the question suggested, we think the judgment ought to be affirmed for another reason, to wit, that the contract of lending is governed not by the laws of Texas but by the laws of Kansas, and the latter afford no basis for the claim put forward. The bill shows that on January 1, 1921, $7,000 was borrowed originally from the Thomas Mortgage Company, of Emporia, Kan., and all the notes taken were made payable at the office of that company in Emporia, Kan. The principal was represented by a single note due in ten years, with interest at 6 per cent. represented by annual coupon notes, and all these were secured by a duly recorded deed of trust on Texas land, and all the instruments were executed in Texas. Ten other annual notes for $70 each were at the same time made to the Thomas Mortgage Company payable at its office in Emporia, Kan., and secured by another deed of trust on the same land which recited that these notes were for additional interest on the $7,000 note and provided that in case of default in the payment of any of the notes secured by either deed of trust "then the whole sum of money hereby secured

H. L. Carpenter, of Greenville, Tex., and T. N. Roach, Jr., of Commerce, Tex., for appellant.

E. A. Coker, of Dallas, Tex., for appellee.

Before SIBLEY and HOLMES, Circuit Judges, and STRUM, District Judge.

SIBLEY, Circuit Judge.

The complainant-appellant, Lula A. Smith, by a suit in equity filed in 1934 in

shall become due and payable at the election of the holder hereof," that a sale might be had of the land and the proceeds applied, "second, to the payment and satisfaction of the notes hereby secured." On May 3, 1921, in Kansas for a valuable consideration Thomas Mortgage Company transferred the principal note and its coupon notes, they · being all negotiable instruments, together with the security for them, to appellee Western & Southern Life Insurance Company of Cincinnati, Ohio, ·no notice or bad faith being alleged in the transferee beyond the fact that the second deed of trust was of record in Texas. At the maturity of the principal note in 1931 the ten notes of $70 each for additional interest had been paid to Thomas Mortgage Company, and the trust deed for their security surrendered. The 6 per cent. annual interest on the principal note had also been paid to appellee, and $2,500 was then paid on the principal and an extension with new notes was made, the principal of $4,500 being made due in annual installments until 1940 with interest at 7 per cent. Since 1931 $871 in interest has been paid to appellee, and $4,100 had been paid to it in interest before 1931 beside the $700 paid to Thomas Mortgage Company on the series of $70 notes. No usury is claimed in the contract of renewal, but the original loan thereby carried forward is alleged to have been usurious because, if a default had occurred and been declared at the end of the first year, under the terms of the second deed of trust $1,120 could have been collected as interest for that year as a result of declaring the ten $70 notes due, far in excess of the 10 per cent. allowed by law.

In Texas such acceleration clauses are taken literally and their potentialities are regarded as contracts for usury though the contingency never comes to pass. Shropshire v. Commerce Farm Credit Co., 120 Tex. 400, 30 S.W.(2d) 282, 39 S.W.(2d) 11, 84 A.L.R. 1269; Manning v. Christian, 124 Tex. 517, 81 S.W.(2d) 54; Atwood v. Deming Investment Co. (C.C.A.) 55 F.(2d) 180; Norristown-Penn Trust Co. v. Cole (C.C.A.) 80 F.(2d) 888. But there is nothing to show that the original contract of loan, although the papers were signed in Texas and the security was Texas land, was intended to be under Texas law or was a device to evade that law. The lender was a Kansas corporation, and is not shown to have carried on business regularly in Texas. The parties could as natural-

ly have contracted under the laws of the domicile of one party as the other. The contract contains no agreement as to which law should apply. By making the notes payable in Kansas on general principles the law of that state as the place of performance should determine the incidents of performance, among which are included the amount of interest to be paid and what interest shall be lawful. Andrews v. Pond, 13 Pet. 65, 10 L.Ed. 61; Coghlan v. South Carolina R. Co., 142 U.S. 101, 12 S.Ct. 150, 35 L.Ed. 951; Clark v. Gibbs (C.C.A.) 69 F.(2d) 364; Dugan v. Lewis, 79 Tex. 246, 14 S.W. 1024, 12 L.R.A. 93, 23 Am.St.Rep. 332; Connor v. Donnell, 55 Tex. 167; Bullard v. Thompson, 35 Tex. 313. There is nothing about this case to distinguish it from Braniff Investment Co. v. Norton (C. C.A.) 80 F.(2d) 598; Lubbock Hotel Co. v. Guaranty Bank & Trust Co. (C.C.A.) 77 F.(2d) 152. See, also, Seeman v. Philadelphia Warehouse Co., 274 U.S. 403, 47 S. Ct. 626, 71 L.Ed. 1123. We think the usury laws of Kansas rather than of Texas are to be applied, and this for the further reason that the contract will be valid under the one but unlawful under the other. The Kansas statutes of force in 1921 and since (Statutes of Kansas, Usury, 41—102 and 41—103) forbid interest in excess of 10 per cent. per annum and apply any excess paid to the principal and lawful interest and forbid the courts to render judgment for more; and declare an additional forfeiture equal to such excess to be deducted also from the principal and lawful interest. It is further provided that no bona fide indorsee of negotiable paper before due shall be affected by usury exacted by a former holder unless he shall have actual notice of it; but in such a case the double usury, if paid, may be recovered from the person who exacted it by an action brought within ninety days of the maturity of such paper. These provisions supersede any common-law rights and remedies, and state the only rights and liabilities of the parties. Marshall v. Beeler, 104 Kan. 32, 178 P. 245. That potential usury depending on an acceleration clause which was never called into operation and the effect of which could be prevented by the debtor's keeping his engagements is to be recognized in Kansas as in Texas, is not indicated by the Kansas decisions which seek wherever possible to avoid the imputation of usury. State v. Elliott, 61 Kan. 518, 59 P. 1047; Ohio Investment Co. v. Brown, 89 Kan.

66, 130 P. 665; Jones v. Nossaman, 114 Kan. 886, 221 P. 271, 37 A.L.R. 317. But if it were otherwise, the appellee as the holder of negotiable paper taken before due and for value must be presumed to be without notice and in good faith. The second deed of trust is not referred to in any of the papers which appellee received, and the record of it in Texas, while constructive notice as to any matter affecting the title to the land, is not notice under the law merchant nor actual notice under the Kansas statute. Appellee buying in Kansas a negotiable note payable there took by Kansas law free from any taint of usury, and itself has received only 6 per cent. before 1931 and 7 per cent. since. Nor indeed could any successful claim be made against Thomas Mortgage Company, because it received only $70 annually before 1931, an additional one per cent. over the 6 per cent. paid to appellee. No usury has thus ever been paid, and under the Kansas statute none is recoverable.

The judgment dismissing the bill is accordingly affirmed.