FOWLER v. BUSHBY.

(Supreme Court, Appellate Term. November 22, 1910.)

1. WORDS AND PHRASES—"SPECIFICATION."
   The word "specification," when used in a building contract, means a detailed statement of each particular part of the work to be done, usually prepared by the architect, to amplify the details of the plans.
   [Ed. Note.—For other definitions, see Words and Phrases, vol. 7, pp. 6606, 6607.]

2. EVIDENCE (§ 450*)—PAROL EVIDENCE—EXPLAINING AMBIGUITIES—CONTRACT.
   Where the word "specification" was stricken out in two of the four places in which it was used in a building contract, thereby making it ambiguous, any contemporaneous document, such as a duplicate of the contract, could be examined to ascertain the intention of the parties.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2071; Dec. Dig. § 450.*]

3. CONTRACTS (§ 198*)—BUILDING CONTRACTS—CONSTRUCTION.
   A provision in a building contract that the second payment should be made when dismissal is secured upon the certificate of the tenement house department did not bind the contractor to do work not included in the contract, in order to secure a dismissal by the tenement house department.
   [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 861–864; Dec. Dig. § 198.*]

4. CONTRACTS (§ 284*)—BUILDING CONTRACT—CONSTRUCTION—ARCHITECT'S DECISION.
   A building contract provided that the architect's decision as to the meaning of the drawings should be final. In a letter the architect stated that when the contractor figured on the house he estimated on the plans before they were presented to the tenement house department, and it was necessary to specify in the plans filed with it that the floor would be waterproof, and several other orders were received from the department on which the contractor did not figure, and as to which he had been put to some expense, and that the contract required the approval of such department, and the owner was not bound to pay the contractor extra for such work. Held, that the architect's decision was that the waterproofing of the floor was not covered by the contract; the remainder of his letter dealing with the construction of the contract which he was not authorized to construe, so that his statement that the owner was not bound to pay for the extra work was not binding on the parties.
   [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1326–1328, 1330–1332; Dec. Dig. § 284.*]

5. PAYMENT (§ 22*)—EXTENT.
   A check given in settlement of work done under a building contract, indorsed by the owner as "in full settlement of contract of December 3, 1909," only covered work included in the contract, and was not in settlement of extra work not included therein.
   [Ed. Note.—For other cases, see Payment, Cent. Dig. § 87; Dec. Dig. § 22.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

6. CONTRACTS (§ 350*)—ACTIONS—SUFFICIENCY OF EVIDENCE.
    In an action by the contractor to recover for extra work not included in
the building contract, evidence *held* to show that such work was not con-
templated by the parties when they executed the contract.
    [Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1819; Dec. Dig.
§ 350.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth Dis-
trict.

Action by Arthur T. Fowler against James C. Bushby. From a
judgment for defendant, plaintiff appeals. Reversed, and new trial
ordered.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Edward M. & Paul Grout (Dean Potter, of counsel), for appellant.
James C. Bushby, pro se.

PAGE, J. This action was brought to recover for certain extra
work which plaintiff claims to have done upon a building owned by
defendant. There was practically no dispute as to the facts. The
defendant, desiring to make certain alterations in the premises, em-
ployed David M. Ach, an architect, who prepared plans. A blue print
of these plans was submitted to the plaintiff, who thereupon gave an
estimate, and a written contract was entered into between the par-
ties hereto. It is conceded that the plans referred to in the contract
was the blue print theretofore submitted to plaintiff. It is also undis-
puted that these plans did not show the slate floor and base for the
toilet room, and that plaintiff did not take these matters into consid-
eration when he entered into the contract. Defendant claims that
this work was nevertheless covered by the contract, first, because they
appear in the statement filed with the tenement house department
by Ach; second, because the contract provides that the second pay-
ment shall be made when dismissal is secured, which relates to a
certificate of the tenement house department that defendant claims
plaintiff was to obtain, and hence was bound to do whatever was re-
quired to that end; third, because the architect has expressed his
opinion that defendant was not bound to pay plaintiff for the work.
The learned justice below found for the defendant.

Defendant's first claim is based upon the word "specifications,"
which appears in some parts of his copy of the contract, but which
was stricken out of plaintiff's copy. Defendant contends that these
specifications referred to the statements filed with the tenement house
department, which in the "Plumbing and Drainage Slip" (form 121a)
contained this statement:

    "(18) How will floors of new water-closet compartment be made waterproof?
State material. Slate floor. Will there be waterproof base six inches high
above the floor extending entirely around such compartments? Yes. State
of what material. Slate."

The word "specifications," when used in a contract for construc-
tion or alteration of buildings, has a well defined and settled mean-
ing. It is a detailed statement of each particular of the work to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

be done, usually prepared by the architect in amplification of the details of drawings or plans. That this was the meaning here is clear from its being used in conjunction with the word "drawings." The defendant's copy of the contract refers to the drawings and specifications "prepared by David M. Ach, architect, which drawings and specifications are identified by the signatures of the parties hereto and become a part of this contract."

It is conceded that no specifications, as the word is commonly understood, were prepared, and nothing but the drawing prepared by Ach had been submitted to plaintiff. The statements filed by Ach with the tenement house department were not shown to him, nor did he know anything about them. It is clear, therefore, that it was not to them that the contract referred. The contract was on a printed form. In defendant's copy, which was put in evidence, the words "and specifications" appear four times; and where it relates to the obligations of the parties thereto in two places it is stricken out. Plaintiff offered his copy, which had these words stricken out in all four places. Objection was made, "on the ground that said copy contains an erasure that does not appear in the copy marked 'Defendant's Exhibit 1.'" This objection was sustained. This ruling was erroneous. The striking out of these words in two of the places in Defendant's Exhibit 1, and leaving them in in two places, created an ambiguity therein, which made competent the examination of any contemporaneous document that would tend to make clear the real contract of the parties, and certainly under such circumstances the duplicate original was the best evidence. When that is consulted, it becomes evident that it was the intention of the parties to eliminate those words entirely from the contract. This renders the whole transaction harmonious. The contract referred only to the drawings, and concededly only the drawings were prepared and before the parties at the time of the making of the contract.

Second. The provision in the contract that the second payment was to be made when dismissal is secured fixes the time of payment, but is not an obligation on the plaintiff to do work not covered by his contract in order to satisfy other demands of the department; and, as the dismissal had been secured prior to the bringing of this action, it has no bearing on this case.

Third. The defendant contends that, because the architect has expressed his opinion that defendant was not bound to pay for the work, he is exonerated. The contract, article II, to which we are referred by the defendant to sustain this contention, is as follows:

"That his [the architect's] decision as to the true construction and meaning of the drawings shall be final."

We now turn to the architect's letter:

"When Mr. Fowler and Hughes Bros. figured on the work in the house, they estimated on the incomplete plans, or rather the plans before they were presented to the tenement house department. When the plans were filed, it was necessary to specify that the floor would be waterproofed, and there were one or two other orders which were received from the tenement house department after the plans were filed. Of course, Mr. Fowler did not figure on these items, and has been put to some expense. Your contract, however, calls for the fur-

nishing of the approval of the tenement house department, and, while you are in no way bound to pay Mr. Fowler extra on this work," etc.

The only part of this letter that deals with the question as to which the architect's decision was to be final under the contract is that which relates to "the true construction and meaning of the drawings," and as to that the decision is against the defendant; for he distinctly says that these matters were not included in the drawings and that plaintiff did not figure on them. The remaining portion of the letter deals with a construction of the contract, and amounts to nothing more than the gratuitous opinion of a layman, having no force or effect whatever.

As to defendant's final contention that the check for the final payment was accepted "in full settlement," and, having been given after the discussion between plaintiff and himself, constitutes an accord and satisfaction, very little need be said. In his brief he states that this check was indorsed by the plaintiff "in full settlement." Turning to the check itself, we find the indorsement in defendant's handwriting, "In full settlement of contract of Dec. 3, 1909," which shows that it was not given in full settlement of the disputed extra work, but only as to the written contract.

It is clear from the entire case that the extra work, to recover for which this action was brought, was not in the minds of the parties at the time the contract was made. It was not plaintiff's duty to examine the records of the tenement house department to discover whether the defendant contemplated doing other work. It was the duty of defendant to have any work not originally within the contemplation of the parties inserted in the contract or made the subject of a new contract.

The plaintiff fully performed his contract and received a certificate to that effect from the architect, and on the certificate defendant paid $175 under the terms of his contract. Defendant is an attorney, and must have realized the significance of this payment on his part.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.