THE OHIO INVESTMENT COMPANY, *Appellee,* v. WIL-
LIAM E. BROWN et al. (WILLIAM E. BROWN, *Ap-
pellant*).

No. 17,979.

SYLLABUS BY THE COURT.

1. CONTRACT—*For Highest Legal Rate of Interest—Enforceable.*
If the contract rate of interest for the forbearance of the
payment of money does not exceed the highest rate prescribed
by the statute as recoverable the courts will enforce the con-
tract.

2. INTEREST—*Highest Legal Rate.* The highest rate of interest
recoverable at the time of the execution of the principal note,
in this suit, was ten per cent per annum.

3. CONTRACT — *For Interest — Proper Construction.* Where a
written contract for interest on money loaned is susceptible of
two constructions, · one of which would render the contract
usurious and the other not usurious, the latter' must be
adopted.

Appeal from Cowley district court. Opinion filed
March 8, 1913. Affirmed.

*W. P. Hackney,* and *James T. Lafferty,* both of Win-
field, for the appellant.

*Bennett R. Wheeler,* and *John F. Switzer,* both of
·Topeka, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This action was brought for judgment
upon a principal note and interest coupon notes and
to foreclose a real-estate mortgage given to secure the
payment thereof. There are no questions of fact in-
volved in this case, but only an interpretation of the
terms of the notes sued on and the mortgage given to
secure the payment thereof.

On February 3, 1903, the appellant executed and
delivered to one Merriam his certain principal promis-
sory note for $12,000, due February 1, 1910; also, seven
interest coupon notes for $780 each, and due succes-

sively, one each year, from February 1, 1904, to February 1, 1910, and executed a real-estate mortgage to secure the payment of the indebtedness at maturity. It will be observed that the debt was to bear interest at the rate of six and one-half per cent per annum. A clause in the principal note, however, reads: "This note and these coupons are to draw ten per cent interest per annum after due or after default of any interest payment, and are secured by a mortgage of even date. herewith on real estate."

It was also provided in each coupon that the amount named therein should draw interest at the rate of ten per cent after due. The mortgage also contains a provision that the principal note should become due and should draw interest at ten per cent upon the non-payment of any interest note when due.

It seems that the first three coupons for annual interest were paid, but the fourth and fifth, which fell due February 1, 1907, and February 1, 1908, respectively, were not paid. The action for judgment on the notes and to foreclose the mortgage was commenced on February 4, 1909, and the appellee declared upon the principal note and the two interest coupon notes. which had matured before that date, and also claimed interest on both the principal note from the first default, and on the coupon notes after due. While within the letter of the contract, this claim is not enforceable and can not be allowed in full.

On March 5, 1909, the appellant paid the appellee $15,619.90, which he claimed was more than the amount of his indebtedness. On November 16, 1910, while the action was still pending, the appellant, by leave of court, filed an answer and cross-petition in which he alleged that the amount due to the appellee on March 5, 1909, including indebtedness on commission notes, $215.40, for which the appellee had not sued, was $14,928.79, but that the appellee demanded and refused to accept a sum less than $15,619.90,

which sum the appellant was compelled to pay, and did pay, to save his property from being sacrificed at sheriff's sale, and appellant prayed judgment against the plaintiff (appellee) for $691.11, with interest thereon from March 5, 1909.

To this answer and cross-petition the appellee demurred, first, that the answer and cross-petition did not state facts sufficient to constitute a cause of action in favor of appellant; second, that the answer and cross-petition did not state facts sufficient to constitute a counterclaim or set-off. The demurrer was sustained by the court, and the appellant brings the case to this court for review.

The highest rate of interest recoverable at the time of the making of the contract in 1903 was ten per cent per annum on the amount of the indebtedness, and the parties had a right to contract for any rate of interest which did not exceed ten per cent. They also had a right to contract that the coupon notes should draw interest at the rate of ten per cent per annum after maturity; also, to contract that upon the nonpayment of any interest coupon the whole indebtedness should become due. This, of course, would include the principal debt and the interest then due. Upon the maturity and nonpayment of interest coupon No. 4, February 1, 1907, the amount thereof and the principal note, $12,780, became due, and thereafter, by the terms of the contract, bore interest at the rate of ten per cent per annum; but subsequently maturing interest coupons should thereafter be ignored as the principal note then bore the highest rate of ·interest recoverable. The principal then to bear interest from February 1, 1907, at ten per cent was $12,780. Two years, one month and four days thereafter the payment was made, and the interest on such principal for that time amounted to $2668.43, and the aggregate of indebtedness at time of payment was $15,448.43. In addition thereto, the appellant admits in his answer that he

owed appellee $215.40. Appellant pleads in his cross-petition that he paid the appellee $15,619.90, which was $43.93 less than the amount of his indebtedness. The court, therefore, did not err in sustaining the demurrer to his answer and cross-petition.

The appellant relies upon the following provision in the mortgage:

"But if said principal or interest notes or any part thereof or interest thereon be not paid according to the terms of said notes . . . . then this conveyance shall become absolute and the whole of said principal shall immediately become due and payable *at the option of the party of the second part or assigns;* and in case of default of payment of any sum herein covenanted to be paid for the period of thirty days after the same becomes due, the said first parties agree to pay to the said second party or his assigns interest at the rate of ten per cent per annum, computed annually on said principal note from the date of default to the time when said principal and interest shall be paid."

Construing the note and mortgage together, this is the only clause of the contract which provides that the principal note shall become due upon any contingency before the time therein specified. This clause provides that the principal shall become due and payable at "the option of the party of the second part or assigns," if the principal or interest notes, or any part thereof, shall not be paid according to the terms thereof. This option, it is conceded, was exercised in the bringing of the action February 4, 1909. The mortgage has the same provision as to interest after default as the notes. There is, therefore, no conflict in the provisions of the mortgage and notes. Except as to the date and amount of the payment and the compelling reasons for the payment, the cross-petition contained no averment which was not determinable by construction of the contract, which was within the province of the court.

The judgment of the district court is affirmed.