[Civ. No. 4006. Second Appellate District, Division Two.—July 22, 1925.]

## A. H. SWALLOW, Respondent, v. HERBERT FRANCISCO, Appellant.

[1] APPEAL—JUDGMENT-ROLL—FINDINGS—EVIDENCE—ISSUES—PRESUMPTIONS.—On an appeal on the judgment-roll alone, without bill of exceptions, it must be assumed in support of the judgment that the trial court heard evidence sufficient to sustain the findings, even if said findings fail to respond to the issues framed by the pleadings.

---

1. See 2 Cal. Jur. 877.

[2] ID.—VARIANCE BETWEEN PLEADING AND PROOF—WHEN POINT
SHOULD BE MADE—PRESUMPTIONS.—The point that there is a vari-
ance between pleading and proof must be made at the trial; and
on an appeal on the judgment-roll alone, without bill of exceptions,
it will be presumed in aid of the judgment that no objection on
the ground of variance was made in the trial court.

(1) 4 C. J., p. 778, n. 74.   (2) 3 C. J., p. 796, n. 81; 4 C. J.,
p. 757, n. 56 New.

APPEAL from a judgment of the Superior Court of
Inyo County. Wm. D. Dehy, Judge. Affirmed.

The facts are stated in the opinion of the court.

Crouch & Crouch for Appellant.

Forbes & Guthrie for Respondent.

WORKS, J.—This is an action to recover an attorney's
fee. Judgment was rendered in favor of defendant Soteras
and against defendant Francisco. The latter appeals.

The sole point presented by appellant is that the findings
of the trial court are not responsive to the issues framed by
the pleadings. The complaint alleged that at all times men-
tioned in it respondent was a duly licensed, qualified and
practicing attorney at law in the state; that within two
years last past, he, at the special instance and request of
defendants performed certain legal services for which they
promised and agreed to pay him the reasonable value thereof
on demand; that the reasonable value of the services was
the sum of $500, and that he has demanded of defendants
the payment of the amount, but that they have wholly failed
and refused, and still fail and refuse, to pay the same or
any part thereof except the sum of $45.90. Judgment was
prayed for $454.10. The defendants answered separately.
In the answer of appellant it is denied that respondent, at
the instance and request of appellant, or otherwise or at
all, performed any legal services for appellant, or for his
use or benefit; that appellant ever agreed to pay respondent
the reasonable value of any legal services whatever, or any
sum of money for any legal services; or that the sum of

2. See 21 Cal. Jur. 276.

$500 is the reasonable value of the services claimed to have been rendered by respondent for appellant. In addition to these denials the answer of appellant contained an averment that he is not indebted to respondent in any sum for services, or at all.

The trial court found, so far as its findings were material to the issues in the cause, that between September 15 and December 25, 1920, respondent performed legal services which were of the reasonable value of $500 for defendant Soteras and at his special instance and request; that on or about December 17, 1920, appellant for a certain consideration moving to him from defendant Soteras, promised and agreed to and with Soteras, and to and with respondent, to pay to respondent the reasonable value of the services rendered to Soteras, as found by the court; and that appellant has paid no part thereof except the sum of $45.90.

[1] It is not necessary to determine whether the findings fail to respond to the issues framed by the pleadings. Even if they do, it must be assumed in support of the judgment that the court heard evidence sufficient to sustain them. [2] If the findings do not follow the pleadings, the evidence upon which they were based was also not within the issues, and there was a variance between pleading and proof; but the point that there is such a variance must be made at the trial (*People* v. *Gonzales,* 69 Cal. App. 609 [231 Pac. 1014]). As the present appeal comes to us on the judgment-roll alone, without bill of exceptions, it will be presumed in aid of the judgment that no objection on the ground of variance was made in the trial court. Practically all of these questions have lately been passed upon by us (*Gaffny* v. *Michaels, ante,* p. 151 [238 Pac. 746]. See, especially, concurring opinion).

Judgment affirmed.

Finlayson, P. J., and Craig, J., concurred.