[Civ. No. 5030.   First Appellate District, Division One.—March 18, 1926.]

## L. HESLIN, Respondent, v. R. E. LAPHAM, Appellant.

[1] CONTRACTS—CONSTRUCTION OF ADDITIONS TO BUILDING—EXECUTION BY DEFENDANT ALONE—INTENT—EVIDENCE.—In this action for damages upon a writing executed by defendant alone for the construction of additions to a building, the intention not being clear from the language of the writing wherein, following the initial paragraph, which reads "General Conditions and Specifications for construction of sun porch for garage," was set forth a detailed description of the work to be done and materials to be used, concluding with the following: "Price complete $685." "Double French doors in rear of house, $78," the trial court, for the proper construction of such writing, might properly have considered the circumstances under which it was written.

[2] ID.—DOUBTFUL MEANING—EVIDENCE—APPEAL.—It is the function of the trial court to determine the meaning and effect of an alleged contract in the light of all the facts and circumstances shown by the evidence; and when its meaning is doubtful it cannot be said on appeal that the conclusion of the trial court was incorrect when none of the evidence is before the appellate court.

[3] ID.—WORDS USED IN CONTRACT—CONSTRUCTION.—In such action, by the use of the words "general conditions" in such writing was meant the conditions under which defendant was willing to perform, namely, an acceptance by plaintiff and the payment of the price fixed therefor; and the word "specifications" referred to the detailed statement of the materials to be used and the manner of performing the work.

[4] ID.—OBLIGATIONS CREATED BY WRITING SUED UPON—CONSTRUCTION. In such action, the language of the writing in question fairly supports the conclusion that an offer was thereby intended to be expressed, which offer, as impliedly found, was accepted by plaintiff and was acted on by both parties; and these facts created an obligation which, as to defendant, was expressed by and founded upon the writing, and likewise created an obligation which was binding upon plaintiff.

[5] ID.—STATUTE OF LIMITATIONS—FINDING—EVIDENCE—APPEAL.—In such action, if it be determined that such writing is not sufficient within the provisions of subdivision 1 of section 337 of the Code of Civil Procedure, nevertheless it cannot be said that the

2.  See 6 Cal. Jur. 327.

finding of the trial court against the plea of defendant, that the action was barred under the provision of subdivision 1 of section 339 of the Code of Civil Procedure, was not otherwise supported by evidence adduced at the trial, where the evidence is not before the appellate court, the appeal being upon the judgment-roll alone.

[6] ID. — JUDGMENT-ROLL — APPEAL — EVIDENCE — FINDINGS. — Where the evidence is not brought up on appeal, its sufficiency to support a finding against the bar of the statute of limitations cannot be questioned.

(1) 13 C. J., p. 770, n. 44. (2) 4 C. J., p. 548, n. 91; 13 C. J., p. 783, n. 77. (3) 37 C. J., p. 757, n. 48. (4) 13 C. J., p. 776, n. 96. (5) 4 C. J., p. 532, n. 90. (6) 4 C. J., p. 535, n. 8.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Marvin C. Hix for Appellant.

Grover O'Connor for Respondent.

CASHIN, J.—An action for damages upon a contract for the construction of additions to a building.

Judgment was entered for plaintiff, from which defendant has appealed upon the judgment-roll, his grounds for reversal being that the action was not one upon a contract, obligation, or liability founded upon an instrument in writing, as found by the trial court, and was therefore barred under subdivision 1 of section 339 of the Code of Civil Procedure.

It was found, in accordance with the allegations of the complaint, that a contract in writing was entered into between the parties, by which appellant agreed to construct certain additions to a garage owned by respondent; that the latter paid a portion of the consideration for performance; that appellant partially performed, but failed of full performance, to the damage of respondent in the sum of $300. It was further found that the writing hereinafter considered was executed by appellant alone and was the

6. See 2 Cal. Jur. 689.

only writing between the parties. The evidence taken at the trial was not brought up on appeal.

It is contended by appellant that the language of the writing is not sufficient to express the terms of a contract or create an obligation or liability within the provisions of subdivision 1 of section 337 of the Code of Civil Procedure. The material portions of the writing are brief. Following the initial paragraph, which read "General Conditions and Specifications for construction of sun porch for garage," was set forth a detailed description of the work to be done and the materials to be used, concluding with the following: "Price complete $685." "Double French doors in rear of house, $78," the writing being subscribed by appellant. The trial court construed this writing to express a promise to perform the work described in consideration of that of respondent to pay upon completion of the work the sum therefor stated therein. [1] The intention not being clear from the language of the writing, for its proper construction the circumstances under which it was written might properly have been considered by that court (Civ. Code, sec. 1647; Code Civ. Proc., sec. 1860). [2] As said in *Euless* v. *Westphal,* 71 Cal. App. 611 [235 Pac. 742], it is the function of the trial court to determine the meaning and effect of an alleged contract in the light of all the facts and circumstances shown by the evidence; and when its meaning is doubtful it cannot be said on appeal that the conclusion of the trial court was incorrect when none of the evidence is before the appellate court.

[3] Aside from any facts and circumstances which may have been considered by the trial court in that connection, it appears to us as a fair conclusion that by the use of the words "general conditions" was meant the conditions under which appellant was willing to perform, namely, an acceptance by respondent and the payment of the price fixed therefor; and that the word "specifications"—the meaning of which is well settled in connection with building contracts—referred to the detailed statement of the materials to be used and the manner of performing the work (*Nave* v. *McGrane,* 19 Idaho, 111 [113 Pac. 82, 85]; *Fowler* v. *Bushby,* 69 Misc. Rep. 341 [125 N. Y. Supp. 890]). While the cause of action is not founded upon an instrument in writing within the meaning of subdivision 1 of

section 337 of the Code of Civil Procedure, unless the writing contain the promise for the nonperformance of which the action is brought (*Scrivner* v. *Woodward,* 139 Cal. 314 [73 Pac. 863]), in *O'Brien* v. *King,* 174 Cal. 769 [164 Pac. 631], it was held that where the promise might be inferred from the language of the writing the action was brought within the section. In this case was cited and quoted with approval that part of the decision in *Reyburn* v. *Casey,* 29 Mo. 129, which reads as follows: "The broad and comprehensive language of the statute evidently embraces all kinds of written instruments, without regard to their form or phraseology, which imply a promise or agreement to pay money, and is not restricted to such as have the requisites of promissory notes or to such instruments as contain an express promise on their face to pay," the court in its decision stating the rule that in determining whether a promise or obligation is shown by a writing all promises or obligations must be regarded as contained therein which the words necessarily import, therein distinguishing those merely implied by law, i. e., *quasi* contracts, as held in *Scrivner* v. *Woodward, supra.*

[4] The language of the writing in the present case fairly supports the conclusion that an offer was thereby intended to be expressed, which offer, as impliedly found, was accepted by respondent and was acted on by both parties. These facts created an obligation which, as to appellant, was expressed by and founded upon the writing (*Boom* v. *Hazzard,* 104 Cal. 310 [37 Pac. 1037]), and likewise created an obligation which was binding upon respondent (*Heffernan* v. *Davis,* 24 Cal. App. 295 [140 Pac. 716]; *Gallagher* v. *Equitable Gas Light Co.,* 141 Cal. 699, 706 [75 Pac. 329]).

[5] The defense that the action was barred under the provisions of subdivision 1 of section 339 of the Code of Civil Procedure was pleaded by the answer, upon which plea the court found against appellant. It is contended by the latter that the court, having expressly found that the contract was in writing, and that the only writing executed by either party was that signed by appellant, it follows that the finding on the plea mentioned was based solely upon the conclusion of the court that the writing was an instrument within the meaning of subdivision 1 of section

337 of the Code of Civil Procedure. We cannot say, however—the evidence not being before us—that this .finding was not otherwise supported by evidence adduced at the trial. That a contract for the work described at the price mentioned was entered into by the parties is admitted by the pleadings, one of appellant's defenses to the action being that the contract was oral, and therefore barred by the statute. As said in *Murphy* v. *Stelling*, 8 Cal. App. 702, 706 [97 Pac. 672] (an appeal upon the judgment-roll), the evidence not being before the court, a finding against a plea of the statute would be supported by evidence that the defendant was absent from the state for a sufficient time to prevent the running of the statute; and in the instant case, for the same reason, it cannot be said that the writing, if determined not to be sufficient within the provisions of subdivision 1 of section 337 of the Code of Civil Procedure, was the only evidence upon which the court based its finding against the plea. **[6]** As held in *Archer* v. *Harvey*, 164 Cal. 274, 276 [128 Pac. 210], where the evidence is not brought up on appeal its sufficiency to support a finding against the bar of the statute cannot be questioned.

The judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.