[Civ. No. 7057. First Appellate District, Division Two.—January 10, 1930.]

J. A. COLEY, Appellant, v. H. E. WOLCOTT, Respondent.

J. L. Smith for Appellant.

David D. Oliphant, Jr., for Respondent.

DOOLING, J., *pro tem.*—Appellant sued to recover treble the amount alleged to have been paid to respondent as interest for the use of money in violation of the statute against usury. (Stats. 1919, p. lxxxiii.)

The parties entered into a contract in writing in the following language:

"Oakland, California
"May 4, 1925.

"This memorandum of agreement made and entered into this day by and between H. E. Wolcott and J. A. Coley, witnesseth:

"That whereas H. E. Wolcott has this day entered into an agreement with the Bank of Alameda to redeem from foreclosure sale at an expense of $8425.75 that certain land described as follows: Located in the County of Contra Costa, State of California, and being

" 'The Northeast one-quarter (¼) of Section Thirty-four (34), township one (1); Range Two (2) East; M. D. B. & M.'

"Therefore said H. E. Wolcott is to have for security for the money so paid to the Bank of Alameda and for security for interest on the same at seven per cent (7%) per annum, compounding semi-annually, a Deed to the following described land:

"Lots 1 and 2 of the Northwest Quarter (NW¼) the East (E) half (½) of the Northwest (NW) quarter (¼) the

East (E) half (½) of the Southwest (SW) quarter (¼) and all of the Southeast (SE) quarter (¼) of section 7, all in Township 16 North (N), Range 8 East (E), M. D. B. & M. excepting from this conveyance, however, all the lands heretofore conveyed by D. F. Norton to J. E. Taylor, in deed dated August 9th, 1909, and recorded in Book '109' of Deeds, Page '478,' records of the County of Nevada, State of California, to which records special reference is made for a full and particular description, with a Certificate of Title showing a good title in said H. E. Wolcott, subject only to an encumbrance of $2250.00 which can remain for at least one year. J. A. Coley to keep the interest and taxes on both properties paid, and the mortgage on said second piece satisfied.

"It is further agreed that all expenses that said H. E. Wolcott may be put to in connection with said properties, shall be added to the principal investment and bear a like rate of interest.

"H. E. Wolcott to convey both properties herein described upon receipt by him, first, of the entire amount invested in same together with all expenses and interest as above stated; Second, of one-half of the differences between the net receipts and the gross costs to him of the said Contra Costa property; or to convey the Nevada County property, upon the receipt of $4000.00.

"It is especially agreed and understood that the conveyance of the above property to H. E. Wolcott is intended to convey title absolutely in fee simple and that no foreclosure or suit in Court shall be necessary to complete ownership, and that unless said H. E. Wolcott shall within two years from date hereof be reimbursed as hereinabove provided, both of said properties shall be considered his without restrictions or claims whatsoever by J. A. Coley who hereby specifically waives any and all claim to same.

"H. E. WOLCOTT,
"J. A. COLEY."

The Contra Costa County property was later sold for $16,000 and if the transaction between the parties was a loan and the profits realized by the respondent were received as interest thereon the Usury Law was violated.

The trial court found "that the transaction between the plaintiff and said defendant Wolcott, referred to in the

pleadings on file herein, did not originate in a negotiation for a loan; that the plaintiff did not on or prior to May 4, 1925, apply to the defendant for a loan; that the transaction between the parties was in the nature of a joint adventure with respect to said Contra Costa County property in which the plaintiff furnished the information and some time, thought and services to the sale of said property and in which the defendant Wolcott was to furnish the money and was to give some of his time, thought and services to the venture, and the parties were to divide any profits made and the defendant Wolcott as and for an additional share in the profits was to receive seven per cent per annum on the money invested in said venture. That it is true that in addition to investing the necessary funds in said venture the defendant Wolcott did expend time, labor and services upon said Contra Costa County property, and upon said venture of the parties, and in an effort to effect a sale of said property.''

The court also found the allegations of certain designated paragraphs of the answer to be true, including paragraph IX, reading as follows:

''This defendant alleges that on and prior to May 4, 1925, the Contra Costa County property described in the complaint on file herein was owned in fee simple absolute by The Bank of Alameda, a California corporation, and that on and prior to said May 4, 1925, the plaintiff J. A. Coley stated and represented to this defendant H. E. Wolcott that said Contra Costa County real property could be purchased and acquired from said The Bank of Alameda for about $8,000.00 and that in the opinion of J. A. Coley it could be resold for a price in excess of $8,000.00, and that a substantial profit could be made, and said J. A. Coley further stated and represented to this defendant that he, said plaintiff did not have the money with which to buy said property from The Bank of Alameda, but that if the defendant H. E. Wolcott should buy said property from said The Bank of Alameda a resale could be effected and a profit could be made and that after H. E. Wolcott had deducted the amount of money paid by said H. E. Wolcott for said property, and any and all expenses or costs of the transaction and one-half of the net balance remaining and interest at seven per

cent on the amount invested, then the balance remaining should be paid to J. A. Coley as compensation for the information.

"That thereupon and on May 4, 1925, the plaintiff and this defendant, pursuant to said representations of the plaintiff entered into that certain agreement in writing between the parties hereinabove in paragraph II set out, to which said agreement reference is hereby made and same is to be deemed incorporated herein by reference. That after the execution of said agreement this defendant H. E. Wolcott did buy said Contra Costa County property from said The Bank of Alameda, and said The Bank of Alameda did convey to and did grant, bargain and sell said Contra Costa property to this defendant H. E. Wolcott for the sum of $8,454.40, and that upon such sale by said The Bank of Alameda to said H. E. Wolcott, he, the said H. E. Wolcott, became the owner in fee simple absolute of all right, title and interest in and to said Contra Costa County property subject, however, to the rights of the plaintiff J. A. Coley to receive from the defendant H. E. Wolcott one-half of the profit made on the sale of said property by said H. E. Wolcott, less seven per cent interest on said money invested as hereinabove alleged."

As conclusions of law the court found that the transaction was not a loan but a joint venture and that it did not violate the Usury Law and accordingly ordered judgment for the defendant. ■ The appeal is on the judgment-roll and since the evidence is not before us the presumption must be indulged that there was evidence before the trial court sufficient to support all the findings.

Appellant, however, contends: 1. That the findings above quoted are in conflict with the admissions of the answer; 2. That the contract is plain and unambiguous and on its face shows that it was a contract for the lending or forbearance of moneys, and 3. That the finding that respondent Wolcott gave time, labor and services to the care and sale of the property is outside the issues.

■ The first contention is based upon an allegation of the answer "that said agreement and each and every part thereof was in writing . . . and . . . was in the words and figures following, towit, and not otherwise," which allegation was followed *in haec verba* by the writing quoted in

this opinion. From this appellant argues that respondent is bound by these allegations and that since their effect is that the entire contract is fully expressed in the writing it was error to admit any evidence to supplement or explain it. In this appellant too narrowly construes the effect of the pleading. In the same answer in paragraph IX, above quoted, respondent pleaded facts to supplement and explain the writing. No demurrer was interposed by appellant to this answer. If it be conceded that the effect of these allegations with regard to the written instrument, standing alone, would be, as contended by appellant, to foreclose any evidence outside the contract to supplement or interpret its language, those allegations did not stand alone. They were accompanied in the same pleading by other allegations which were intended to explain the writing. This, at most, rendered the pleading uncertain or ambiguous and any objection to it on that ground was waived by appellant's failure to demur.

Appellant's claim that certain findings are outside the issues is foreclosed by his appealing on the judgment-roll alone. In the absence of the evidence this court must presume that the findings, even though outside the issues, are supported by evidence introduced without objection and hence that the issue, although not made by the pleadings, was tendered at the trial. (*Turner* v. *Stock,* 79 Cal. App. 662, 666 [251 Pac. 814]; *Fighiera* v. *Radis,* 180 Cal. 660, 663 [182 Pac. 418]; *Peck* v. *Noee,* 154 Cal. 351, 354 [97 Pac. 865]; *Illinois T. & S. Bank* v. *Pacific Ry. Co.,* 115 Cal. 285, 296 [47 Pac. 60]; *Swallow* v. *Francisco,* 73 Cal. App. 692 [239 Pac. 95].)

This leaves as the sole remaining point to be determined whether the written agreement of the parties is complete upon its face and unambiguous so as to preclude the introduction of any evidence to supplement it or explain its meaning.

No place in the written agreement is there any express language designating the transaction as a lending of money nor any promise on the part of appellant to pay the principal sum to respondent. But appellant argues that the language of the agreement is inconsistent with any other construction. Without analyzing the writing in detail we

are satisfied that its language is not such as to compel this interpretation. In its last paragraph it squarely negatives the idea that it is intended as a mortgage. That language is apparently a deliberate attempt to express the idea that Wolcott is to have title absolutely with a right in appellant to .one-half of any profits realized from a sale of the property if made within two years from the date of the agreement. Certainly the writing leaves in doubt the true intention of the parties and the court was justified in taking other evidence to aid it in arriving at its meaning. (Civ. Code, sec. 1647; Code Civ. Proc., secs. 1856, 1860; *Heslin* v. *Lapham,* 77 Cal. App. 137 [246 Pac. 150]; *Shelley* v. *Byers,* 73 Cal. App. 44, 55 [138 Pac. 177]; *Los Angeles High School Dist.* v. *Quinn,* 195 Cal. 377, 383, 384 [234 Pac. 313]; *Petroleum Midway Co., Ltd.,* v. *Moynier,* 205 Cal. 733 [272 Pac. 740].)

■ While courts will tolerate no subterfuges designed to evade the Usury Law, and will always admit evidence to show that a contract fair on its face is nevertheless a disguise for a usurious transaction, it is equally true that if a contract is subject to two constructions, one of which will render it usurious and therefore unlawful and one which will render it lawful, the courts, in the absence of other evidence requiring the contract to be construed as usurious, will give it such construction as will render it lawful. (*Shelley* v. *Byers, supra; Cobb* v. *Hartenstein,* 47 Utah, 174 [152 Pac. 424, 427]; *Ohio Inv. Co.* v. *Brown,* 89 Kan. 66 [130 Pac. 665]; *Lusk* v. *Smith,* 71 Kan. 550 [81 Pac. 173]; *German Sav. Bank & Loan Assn.* v. *Leavens,* 89 Wash. 78 [153 Pac. 1092]; *Martin* v. *Oklahoma State Bank,* 86 Okl. 113 [206 Pac. 824]; *Forman* v. *Needles,* 78 Okl. 105 [188 Pac. 1087].)

In this case, the written agreement not being clear on its face as to the true nature of the transaction between the parties, the trial court was justified in resorting to extrinsic evidence to arrive at its proper construction.

Judgment affirmed.

Nourse, Acting P. J., and Sturtevant, J., concurred.